## United States District Court  Northern District of Illinois
## MOTION FOR LEAVE TO APPEAR PRO HAC VICE

| | |
|---|---|
| Case Title: | Plantiff(s) |
| AXG Roofing, LLC | |
| VS. | |
| RB Global, Inc. et al. | Defendant(s) |

| | |
|---|---|
| Case Number: 1:25-cv-03487 | Judge: Honorable Sara L. Ellis |

I, __Steven L. Holley__ hereby apply to the Court

under Local Rule 83.14 for permission to appear and participate in the above-entitled action on behalf of

__United Rentals, Inc.__ by whom I have been retained.

I am a member in good standing and eligible to practice before the following courts:

| Title of Court | Date Admitted |
|---|---|
| Please see attached. | |
| | |
| | |
| | |

I have currently, or within the year preceding the date of this application, made pro hac vice applications to this Court in the following actions:

| Case Number | Case Title | Date of Application (Granted or Denied)* |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

*If denied, please explain: (Attach additional form if necessary)

Has the applicant ever been:

**censured, suspended, disbarred, or otherwise disciplined by any court?**  Yes ☑  No ☐  **Please see attached.**

**or is the applicant currently the subject of an investigation of the applicant's professional conduct?**  Yes ☐  No ☑

**transferred to inactive status, voluntarily withdrawn, or resigned from the bar of any court?**  Yes ☐  No ☑

**denied admission to the bar of any court?**  Yes ☐  No ☑

**held in contempt of court?**  Yes ☐  No ☑

NOTE: If the answer to *any* of the above questions is yes, please attach a brief description of the incident(s) and the applicant's current status before any court, or any agency thereof, where disciplinary sanctions were imposed, or where an investigation or investigations of the applicant's conduct may have been instituted.

I have read the Rules of Professional Conduct for the Northern District of Illinois and the Standards for Professional Conduct within the Seventh Federal Judicial Circuit, and will faithfully adhere to them. I declare under penalty of perjury that the foregoing is true and correct.

04/22/2025                                         S/ Steven L. Holley

_____                    _____
Date                                        Electronic Signature of Applicant

| Applicant's Name | Last Name | First Name | Middle Name/Initial |
|---|---|---|---|
| | Holley | Steven | L. |
| Applicant's Law Firm | Sullivan & Cromwell LLP | | |

| Applicant's Address | Street Address | | Room/Suite Number |
|---|---|---|---|
| | 125 Broad Street | | |

| | City | State | ZIP Code | Work Phone Number and Email |
|---|---|---|---|---|
| | New York | NY | 10004 | (212) 558-4737 holleys@sullcrom.com |

**(The pro hac vice admission fee is $150.00 and shall be paid to the Clerk. No admission under Rule 83.14 is effective until such time as the fee has been paid.)**

**NOTE:** Attorneys seeking to appear pro hac vice may wish to consider filing a petition for admission to the general bar of this Court. The fee for admission to the General Bar is $181.00 The fee for pro hac vice admission is $150.00. Admission to the general bar permits an attorney to practice before this Court. Pro hac vice admission entitles an attorney to appear in a particular case only. Application for such admission must be made in each case; and the admission fee must be paid in each case.

<u>Attachment to Motion for Leave to Appear Pro Hac Vice for Steven L. Holley</u>
*AXG Roofing, LLC* v. *RB Global, Inc. et al.*, No. 1:25-cv-03487 (N.D. Ill.)

**I am a member in good standing and eligible to practice before the following courts:**

| Court | Admission Date |
|---|---|
| United States Court of Appeals, First Circuit | 2000 |
| United States Court of Appeals, Second Circuit | 1996 |
| United States Court of Appeals, Third Circuit | 1995 |
| United States Court of Appeals, Fourth Circuit | 2001 |
| United States Court of Appeals, Fifth Circuit | 2023 |
| United States Court of Appeals, Sixth Circuit | 2018 |
| United States Court of Appeals, Ninth Circuit | 2021 |
| United States Court of Appeals, Tenth Circuit | 2012 |
| United States Court of Appeals, District of Columbia Circuit | 1995 |
| United States District Court, District of Connecticut | 1991 |
| United States District Court, Eastern District of Michigan | 2018 |
| United States District Court, Eastern District of New York | 1985 |
| United States District Court, Southern District of New York | 1985 |
| United States Supreme Court | 2008 |
| United States Tax Court | 2014 |

**Has the applicant ever been censured, suspended, disbarred, or otherwise disciplined by any court?**

On August 23, 2001, I was publicly censured by the Supreme Court of the State of New York, Appellate Division, First Department for violating DR 1-102(a)(8) of the New York Lawyer's Code of Professional Responsibility by mistakenly providing a copy of a sealed complaint in a private civil action to a journalist. *Matter of Holley*, 285 A.D.2d 216, 729 N.Y.S. 2d 128 (2001). It was undisputed that the complaint bore no indication on its face that it had been filed under seal. It was also undisputed that neither the journalist who asked me for the complaint nor the associate of my firm who provided me with a copy told me that—contrary to normal expectations in a civil case—the pleading was not a public document. While I should have been more careful, there was no allegation that I acted with venal intent or engaged in an inexcusable pattern of neglect. As the First Department acknowledged, the notion that such an isolated mistake could constitute "conduct that adversely reflects on the lawyer's fitness to practice law" under the "catch-all" provision of DR 1-102(a)(8) was a question of first impression at the time the public censure was imposed. I have never been the subject of any other disciplinary action by any other court.