UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AXG ROOFING, LLC, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br> v.<br><br>RB GLOBAL, INC., et al.,<br><br>    *Defendants*. | Case No. 1:25-cv-03487<br>Hon. Sara L. Ellis |
| IMMEDIATE APPLIANCE SERVICE, INC., individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br> v.<br><br>RB GLOBAL, INC., et al.,<br><br>    *Defendants*. | Case No. 1:25-cv-04139<br>Hon. April M. Perry |
| KRIS SWANSON CONSTRUCTION LLC, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br> v.<br><br>RB GLOBAL, INC., et al.,<br><br>    *Defendants*. | Case No. 1:25-cv-04236<br>Hon. Andrea R. Wood |

**PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE AND SUPPORTING MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiffs AXG Roofing, LLC, Immediate Appliance Service, Inc., and Kris Swanson Construction LLC respectfully request that the Court (1) consolidate the five related actions currently pending in this District, *AXG Roofing, LLC v. RB Global, Inc.*, No. 1:25-cv-03487 ("*AXG Roofing*"); *Immediate Appliance Service, Inc. v. RB Global, Inc.*, No. 1:25-cv-04139 ("*Immediate Appliance*"); *Kris Swanson Construction LLC v. RB Global, Inc.*, No. 1:25-cv-04236 ("*Kris Swanson*"); *IPCS Corp v. RB Global, Inc. et al*, 1:25-cv-04825 ("*IPCS*"); and *IZQ Construction LLC v. RB Global, Inc. et al*, 1:2025-cv-04872 ("*IZQ Construction*") (collectively, the "Related Actions"),[1] as well as any related actions later filed in or transferred or removed to this Court;[2] (2) re-caption the consolidated action as "*In re Construction Equipment Antitrust Litigation*" with the case number of the first filed action (1:25-cv-03487); (3) order that all subsequent filings be made in the consolidated action; and (4) order that a party's appearance in the consolidated case apply to all constituent cases. All parties in these actions consent to the relief sought in this Motion.

I.  **INTRODUCTION**

Pending in this Court are five Related Actions against RB Global, Inc.; Rouse Services LLC; Rouse Analytics LLC (collectively, "Rouse"); United Rentals, Inc.; United Rentals (North America), Inc.; Sunbelt Rentals, Inc.; HERC Holdings Inc.; HERC Rentals Inc.; H&E Equipment Services, Inc.; Sunstate Equipment Co., LLC; and The Home Depot, Inc. (collectively, the "Rental

---

[1] When filed, the *Immediate Appliance* and *Kris Swanson* actions were marked as related to the *AXG Roofing* action.
[2] Plaintiffs in the Related Actions are aware of three substantially similar, follow-on actions filed in other courts: *Mack's Junk Removal, LLC v. Rouse Services LLC,* No. 2:25-cv-03565 (C.D. Cal. Apr. 22, 2025); *Signs v. Rouse Services LLC,* 4:25-cv-00158 (S.D. Iowa Apr. 29, 2025); *Haxton Masonry, Inc. v. RB Global, Inc. et al*, 2:2025-cv-03902 (C.D. Cal. May 1, 2025).

Company Defendants," and together with Defendant Rouse, the "Defendants").[3]

Plaintiffs allege that Defendants conspired to fix construction equipment rental prices nationwide in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.[4] In particular, Plaintiffs allege that Rouse collects nonpublic pricing and inventory information from each of the Rental Company Defendants, and then uses that information to coordinate and inflate rental prices for all of the Rental Company Defendants. This scheme allowed the Rental Company Defendants to avoid competing on price with each other and to artificially increase the prices charged for renting construction equipment. Each action seeks monetary, declaratory, and injunctive relief on behalf of a proposed nationwide class comprising all persons and entities that rented construction equipment from Defendants or affiliates at any time from March 31, 2021 until Defendants' unlawful conduct and its anticompetitive effects cease to persist.

The Related Actions are all in the early stages of the litigation, and Defendants have not yet responded to any of the complaints. The first action, *AXG Roofing*, was filed in this Court on April 1, 2025. An initial status report is due by June 3, 2025, and Defendants' responsive pleadings are due by June 9, 2025. *Immediate Appliance* was filed on April 16, 2025, and *Kris Swanson* was filed on April 17, 2025. Counsel for Plaintiffs in all three cases join this motion for consolidation.

---

[3] Rouse Analytics LLC; United Rentals (North America), Inc.; and The Home Depot, Inc. are named only in *Immediate Appliance*. HERC Holdings, Inc. is named only in *AXG Roofing, IPCS, IZQ Construction* and *Immediate Appliance Service.*

[4] In *Kris Swanson, Immediate Appliance,* and *IPCS*, Plaintiffs additionally allege that Defendants have engaged in the sharing of non-public, competitively sensitive information in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. Immediate Appliance Service, Inc. further alleges Defendants have been unjustly enriched by retaining artificially high rents paid by Plaintiff and members of the class.

No dates have been set in either case for an initial status report.[5] *IPCS* and *IZQ Construction* were filed on May 1 and May 2, 2025, respectively. Counsel for Plaintiffs in these later filed actions also support consolidation.

II.     **ARGUMENT**

Under Federal Rule of Civil Procedure 42(a), the Court may consolidate actions that "involve a common question of law or fact" and "issue any other orders to avoid unnecessary cost or delay." *See Star Ins. Co. v. Risk Mktg. Grp. Inc.*, 561 F.3d 656, 660 (7th Cir. 2009). Consolidation is left to the discretion of the Court. *Blue Cross Blue Shield of Massachusetts, Inc. v. BCS Ins. Co.*, 671 F.3d 635, 640 (7th Cir. 2011). "Courts should consolidate related actions when possible to promote judicial economy, as long as the consolidation does not unduly prejudice any party." *In re FICO Antitrust Litig. Related Cases*, No. 1:20-CV-02114, 2021 WL 4478042, at *3 (N.D. Ill. Sept. 30, 2021) (citing *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970)). The Court should also consider whether consolidation will avoid the risk of inconsistent rulings. *Pochert v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. CIV.A. 11 C 2440, 2011 WL 4007731, at *3 (N.D. Ill. Sept. 9, 2011). Here, all factors favor consolidation.

Common questions of law and fact predominate in the Related Actions. These include (1) whether Defendants have engaged in a combination or conspiracy to fix, raise, maintain, or stabilize rental prices for construction equipment; (2) whether any such combination or conspiracy violated Section 1 of the Sherman Act; and (3) whether any such combination or conspiracy did in fact artificially raise rental prices above competitive levels. The Actions involve the same

---

[5] By virtue of waivers of service of process in the *Immediate Appliance* action, the response of the Rouse Defendants to the complaint is not due until June 16, 2025.

3

proposed classes and share common factual allegations, defendants, and causes of action. Consolidation is appropriate where actions involve such overlapping legal and factual issues. *See McDonald v. Hardy*, 821 F.3d 882 (7th Cir. 2016).

Judicial efficiency favors consolidation here. "By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge." *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir. 1999). Where, as here, "common question[s] of law and fact predominate," "[c]onsolidation will promote judicial efficiency." *Pochert*, 2011 WL 4007731, at *3. In the Related Actions, consolidation will help avoid wasteful and duplicative discovery and other pre-trial proceedings and will aid in the efficient prosecution of this litigation. These factors are particularly relevant in complex class actions such as these: consolidation simplifies the class certification process and serves the interests of absent class members by reducing the number of cases absent class members may wish to monitor. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999).

Consolidation will also avoid inconsistent rulings in the Related Actions. When there is significant overlap among related cases, the risk of inconsistent rulings is particularly acute. *See Pactiv Corp. v. Multisorb Techs., Inc.*, No. 10-cv-461, 2011 WL 686813, at *3 (N.D. Ill. Feb. 15, 2011). Given the overlap among the Related Actions, avoiding the risk of inconsistent rulings strongly favors consolidation here.

Finally, consolidation will not prejudice any party. *See In re FICO*, 2021 WL 4478042 at *3. This motion is supported by Plaintiffs in all five actions, and Defendants do not oppose the relief requested by the motion. Consolidation will reduce the burden of litigation not just on the Court, but for each of the parties as well, allowing Plaintiffs to pool resources and enabling all parties to avoid duplicative discovery and other proceedings. This Court has recognized that

consolidation is appropriate where, as here, all parties are in support. *See Portis v. McKinney*, No. 21-CV-2842, 2021 WL 4125107, at *3 (N.D. Ill. Sept. 9, 2021).

Accordingly, consolidation of the Related Actions is appropriate under Federal Rule of Civil Procedure 42(a) and will promote judicial efficiency, eliminate the risk of inconsistent rulings, and reduce the burden of litigation for all parties.

### III.    CONCLUSION

Plaintiffs respectfully request that the Court consolidate the Related Actions as well as any related actions later filed in, transferred to, or removed to this Court; re-caption the consolidated action as "*In re Construction Equipment Antitrust Litigation*" under case number 1:25-cv-03487; order that all subsequent filings be made in the consolidated action; and order that a party's appearance in the consolidated case apply to all constituent cases.


Dated: May 5, 2025                    Respectfully submitted,

*/s/ Natasha J. Fernández-Silber*
**EDELSON PC**
Natasha J. Fernández-Silber*
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654 81
Tel: (312) 589-6370
Fax: (312) 589-6378
nfernandezsilber@edelson.com
*Admitted in New York and Michigan

Sarah R. LaFreniere
Brandon Baum-Zepeda*
1255 Union St. NE, Suite 850
Washington, DC 20002
Tel: (202) 270-4777
Fax: (312) 589-6378
slafreniere@edelson.com
bbaum-zepeda@edelson.com
*not admitted to practice in DC; supervised by principals of the firm.

5

**BERGER MONTAGUE PC**
Eric L. Cramer
Michaela Wallin
Zachary D. Caplan
Sarah Zimmerman
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
ecramer@bm.net
mwallin@bm.net
zcaplan@bm.net
szimmerman@bm.net

Daniel J. Walker
1001 G Street, NW, Suite 400 East
Washington, DC 20001
Tel: (202) 559-9745
dwalker@bm.net

**HAUSFELD LLP**
Gary I. Smith, Jr.
580 California Street, 12th Floor
San Francisco, CA 94101
Tel: (415) 633-1908
gsmith@hausfeld.com

Swathi Bojedla
1200 17th Street N.W., Suite 600
Washington, DC 20036
Tel: (202) 540-7200
sbojedla@hausfeld.com

*Counsel for Plaintiff AXG Roofing, LLC and the Proposed Class*


/s/ *Adam J. Levitt*_____
Adam J. Levitt (ARDC No. 06216433)
DICELLO LEVITT LLP
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
alevitt@dicellolevitt.com

Gregory S. Asciolla (*pro hac vice*)

6

Alexander E. Barnett (*pro hac vice*)
Geralyn J. Trujillo (*pro hac vice*)
Carrie Syme (*pro hac vice*)
Jonathan S. Crevier (*pro hac vice*)
DICELLO LEVITT LLP
485 Lexington Avenue, Suite 1001
New York, New York 10017
(646) 933-1000
gasciolla@dicellolevitt.com
abarnett@dicellolevitt.com
gtrujillo@dicellolevitt.com
csyme@dicellolevitt.com
jcrevier@dicellolevitt.com

Alexander H. Schmidt (*pro hac vice* forthcoming)
ALEXANDER H. SCHMIDT, ESQ.
Fairways Professional Plaza
5 Professional Circle, Ste. 204
Colts Neck, New Jersey 07722
(732) 226-0004
alex@alexschmidt.law

*Counsel for Plaintiff Immediate Appliance Service, Inc.*


*/s/ Kyle J. Pozan*
Kyle J. Pozan (IL Bar No. 6306761)
**LOCKRIDGE GRINDAL NAUEN PLLP**
1165 N. Clark Street, Suite 700
Chicago, IL 60610
(312) 205-8968
kjpozan@locklaw.com

Heidi M. Silton (MN #025759X)
Brian D. Clark (IL #6350416) (MN #0390069)
Joseph C. Bourne (MN #0389922)
Kira Q. Le (MN #0505681)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, Minnesota 55401
(612) 339-6900
hmsilton@locklaw.com
bdclark@locklaw.com
jcbourne@locklaw.com

7

kqle@locklaw.com

Stephen J. Teti
**LOCKRIDGE GRINDAL NAUEN PLLP**
265 Franklin Street, Suite 1702
Boston, MA 02110
(617) 456-7701
sjteti@locklaw.com

*Counsel for Plaintiff Kris Swanson Construction LLC and the Proposed Class*