UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: CONSTRUCTION EQUIPMENT RENTAL ANTITRUST LITIGATION | Case No. 1:25-cv-03487<br>MDL No. 3152 |
| This Document Relates To:<br><br>ALL ACTIONS | Hon. Sara L. Ellis |

**JOINT STATUS REPORT**

I. **NATURE OF THE CASE**

    A. **Attorneys of Record for Each Party**

The attorneys of record for each party are set forth in Attachment A.

    B. **Nature of the Claims Asserted in the Complaints**

Plaintiffs filed 21 class action lawsuits against Defendants across four districts alleging a price-fixing conspiracy in the construction equipment rental industry. By order dated August 13, 2025, the Judicial Panel on Multidistrict Litigation (JPML) transferred to this Court the civil actions under MDL Case No. 3152. The JPML has subsequently entered a conditional transfer order for tag-along actions, and it is expected that additional cases will be transferred to this Court hereafter. In each of these actions, Plaintiffs assert claims, individually and on behalf of all other similarly situated, for violations of the Sherman Antitrust Act. Plaintiffs allege, *inter alia*, that Defendants engaged in price-fixing and exchanges of detailed, accurate, non-public, competitively sensitive information, including supply and utilization strategies with one another. Plaintiffs allege that, as a result of the challenged conduct, they paid supra-competitive prices for

rental equipment. All actions propose nationwide classes of persons who rented construction equipment from the rental company Defendants.

Defendants deny that they have engaged in unlawful behavior. Defendants do not believe the complaints state plausible claims for relief by the named Plaintiffs, let alone on behalf of a putative nationwide class of renters of construction equipment. Defendants do not expect to assert counterclaims but reserve their rights to do so. There are no third-party claims.

### C. Major Factual and Legal Issues

The major legal and factual issues include, *inter alia*, the following: (1) whether Defendants have entered into a contract, combination, or conspiracy to fix construction equipment rental prices and/or suppress supply of such rentals; (2) whether Defendants' alleged violations of Section 1 of the Sherman Act should be analyzed under the *per se* or rule of reason analytical frameworks; (3) whether Plaintiffs have been harmed by Defendants' alleged conduct; (4) whether the case should be certified as a class action; and (5) any appropriate monetary and injunctive relief.

### D. Relief Sought

Plaintiffs, on behalf of themselves and the class, seek damages and injunctive relief.

## II. JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, because the actions arise under Section 1 of the Sherman Antitrust Act (15 U.S.C. § 1) and Sections 4 and 16 of the Clayton Antitrust Act (15 U.S.C. §§ 15 and 26). This Court has personal jurisdiction over Defendants under Section 12 of the Clayton Act (15 U.S.C. § 22).

## III. IDENTIFY UNSERVED PARTIES

All parties have been served.

### IV. CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

The parties have not unanimously consented to proceeding before the assigned Magistrate Judge for all purposes, including class certification, trial, and entry of final judgment.

### V. MOTIONS

#### A. Identify Pending Motions

No motions are currently pending.

#### B. Appointment of MDL Leadership

The parties have consulted and agree that it would further the interests of efficiency and judicial economy for Plaintiffs to file a single Consolidated Amended Complaint after MDL Leadership has been appointed. If the Court agrees, counsel who seek a leadership appointment are prepared to proceed on the following schedule, which Defendants do not oppose:

- Parties to appear at the Status Conference scheduled for **August 26, 2025**.
- Plaintiffs to file their motion(s) for MDL Leadership on **August 28, 2025**.
- Plaintiffs will be prepared to provide argument on their respective leadership motions at an in-person hearing to be scheduled for **September 8, 2025** (or another date selected by the Court).
- Plaintiffs to file a Consolidated Amended Complaint 30 days after the Court appoints MDL Leadership.

#### C. Rule 12 Motion(s)

The parties disagree as to setting further case deadlines at this time. The parties' positions on further case deadlines are set forth below.

*Plaintiffs' Position*

Plaintiffs jointly propose the following additional deadlines through resolution of the Rule 12 motions, all of which are realistic and consistent with those entered in comparable multi-defendant antitrust class actions pending in this District:

- Defendants that intend to file motions to compel arbitration to provide Plaintiffs with copies of any agreements they intend to rely on in support of such motions 7 days after the Court appoints MDL Leadership.

- Parties to submit a stipulated proposal regarding the scope of discovery to take place pending resolution of the Rule 12 motions, and if not stipulated to, a joint motion setting out the disputes 45 days after the Court appoints MDL Leadership.

- Parties' Rule 26(a) Initial Disclosures due 60 days after the Court appoints MDL Leadership.

- Parties to submit stipulated orders concerning preservation of evidence, ESI, confidentiality, privilege, and expert discovery, and if not stipulated to, a joint motion setting out the disputes 60 days after the Court appoints MDL Leadership.

- Defendants to file their joint motion to dismiss and any other Rule 12 motion(s) 90 days after the Court appoints MDL Leadership.

- Opposition to Rule 12 motion(s) due 150 days after the Court appoints MDL Leadership.

- Reply on Rule 12 motion(s) due 180 days after the Court appoints MDL Leadership.

*Defendants' Position*

Defendants believe it is premature to set a schedule beyond those governing the appointment of MDL Leadership and the filing of the Consolidated Amended Complaint.

4

With respect to Rule 12 motions, following the filing of the Consolidated Amended Complaint, Defendants are prepared to meet and confer with Plaintiffs promptly and to submit a stipulation regarding a proposed schedule and briefing limits for Defendants' anticipated motions to dismiss (including any motion to compel arbitration) within 10 days of the filing of the Consolidated Amended Complaint. As in *Hansen v. Northwestern Univ.*, No. 24-cv-09667, these issues are appropriately addressed by stipulation and proposed order after an operative complaint is on file.

Defendants request that all discovery be stayed pending resolution of Defendants' forthcoming motions to dismiss, as these motions will determine which claims and parties remain in the case, if any. Discovery will impose great burden on Defendants to respond to during the same period when they will be busy briefing dispositive motions—a burden that may well be reduced or eliminated if this Court narrows or dismisses the claims at issue. In addition, Plaintiffs' proposed timelines for drafting, negotiating and fully briefing any disputes regarding the many protocols listed above are not realistic, and would be an unnecessary and burdensome distraction during the period when Defendants will be briefing their motions to dismiss.

## VI. CASE PLAN

Given the stage of the case, no party has propounded written discovery. The parties contemplate engaging in discovery through interrogatories, depositions, document production, and expert witness examination. Defendants believe discovery should be stayed in full pending the Court's resolution of Defendants' anticipated motions to dismiss, while Plaintiffs believe that limited, targeted discovery should be permitted.

## VII. SETTLEMENT

The parties have not discussed settlement and do not believe that a settlement conference is necessary at this time.

Dated: August 18, 2025

By */s/ Michael W. Scarborough*
Michael W. Scarborough (*pro hac vice*)
Dylan I. Ballard (*pro hac vice*)
**VINSON & ELKINS LLP**
555 Mission Street
Suite 2000
San Francisco, CA 94105
Tel: (415) 979-6900
Fax: (415) 651-8786
mscarborough@velaw.com
dballard@velaw.com

Stephen M. Medlock
**VINSON & ELKINS LLP**
2200 Pennsylvania Ave., N.W.
Suite 500 W
Washington, D.C. 20037
Tel: (202) 639-6500
Fax: (202) 639-6604
smedlock@velaw.com

Nicole L. Castle (*pro hac vice*)
**VINSON & ELKINS LLP**
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 237-0000
Fax: (212) 237-0100
ncastle@velaw.com

*Counsel For Defendants*
*RB Global, Inc., Rouse Services, LLC,*
*and Rouse Analytics, LLC*

*(submitted with the consent and on behalf of all parties listed in Attachment A)*