## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **IN RE: CONSTRUCTION EQUIPMENT RENTAL ANTITRUST LITIGATION** | **MDL No. 3152** <br><br> **Case No. 1:25-cv-03487** <br><br> **Hon. Sara L. Ellis** |
| **This Document Relates To:** <br><br> **ALL CASES** | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PLAINTIFFS IMMEDIATE APPLIANCE SERVICE, INC., KRIS SWANSON CONSTRUCTION LLC, MACK'S JUNK REMOVAL, HAXTON MASONRY, INC., ENTERPRISE LODGING OF HUNTSVILLE, L.L.C., STRUPP TRUCKING, INC., AND MATRIX CONSTRUCTION L.L.C. TO APPOINT INTERIM LEAD CLASS COUNSEL AND PLAINTIFFS' STEERING COMMITTEE**

## TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................. 1

II. LEGAL STANDARD FOR APPOINTMENT OF INTERIM CLASS COUNSEL ....... 3

III. THE PROPOSED LEADERSHIP SLATE SATISFIES RULE 23(G) .......................... 4

    A. Factor 1: The Proposed Leadership Slate Extensively Investigated the
        Claims ....................................................................................................... 4

    B. Factors 2 and 3: The Proposed Leadership Slate Has the Requisite
        Experience in Complex Class Actions and Knowledge of Antitrust Law ... 5

        1. DiCello Levitt LLP ............................................................................. 5

        2. Lockridge Grindal Nauen PLLP ......................................................... 7

        3. Gustafson Gluek PLLC ...................................................................... 9

        4. Garwin Gerstein & Fisher, LLP ......................................................... 10

        5. Fegan Scott LLC ................................................................................ 11

        6. Cuneo Gilbert & LaDuca, LLP .......................................................... 12

    C. Factor 4: The Proposed Leadership Slate Will Commit the Necessary
        Resources .................................................................................................. 13

    D. The Proposed Leadership Slate Offers the Best Structure and Broadest
        Support ..................................................................................................... 14

    E. The Proposed Leadership Slate Offers Diversity to Best Represent the
        Class ........................................................................................................ 15

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Abelesz v. Magyar Nemzeti Bank*,
    2013 WL 4525399 (N.D. Ill. Aug. 20, 2013) ............................................................................15

*In re Fairlife Milk Prods. Mktg. & Sales Pracs. Litig.*,
    2020 WL 362788 (N.D. Ill. Jan. 22, 2020) ............................................................................15

*In re FICO Antitrust Litig. Related Cases*,
    2021 WL 4478042 (N.D. Ill. Sept. 30, 2021) .............................................................3, 4, 15

*In re Int. Rate Swaps Antitrust Litig.*,
    2016 WL 4131846 (S.D.N.Y. Aug. 3, 2016) ..........................................................................15

*Jones v. Micron Tech. Inc.*,
    2019 WL 13199757 (N.D. Cal. Sept. 4, 2019) .........................................................................4

*Walker v. Discover Fin. Servs.*,
    2011 WL 2160889 (N.D. Ill. May 26, 2011) ...........................................................................5

*Wilcosky v. Amazon.com, Inc.*,
    2022 WL 18937690 (N.D. Ill. May 16, 2022) ........................................................................3

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................ *passim*

Plaintiffs Immediate Appliance Service, Inc., Kris Swanson Construction LLC, Mack's Junk Removal, Haxton Masonry, Inc., Enterprise Lodging of Huntsville, L.L.C., Strupp Trucking, Inc., and Matrix Construction L.L.C. ("Plaintiffs") respectfully move the Court to appoint DiCello Levitt LLP as Interim Lead Counsel ("Interim Lead Counsel") and appoint a Plaintiffs' Steering Committee ("PSC") comprised of: Lockridge Grindal Nauen PLLP, Fegan Scott LLC, Gustafson Gluek PLLC, Garwin Gerstein & Fisher, LLP, and Cuneo Gilbert & LaDuca, LLP (together with Interim Lead Counsel, the "Proposed Leadership Slate") to represent the proposed class pursuant to Rule 23(g)(3).

## I.    INTRODUCTION

This case concerns a price-fixing conspiracy among an aggregator of confidential industry data and the largest companies that rent equipment and tools used for construction, manufacturing, entertainment, and other industries ("Rental Equipment").[1] The victims are businesses and individuals who rented Rental Equipment from Defendants. Indeed, Plaintiffs include an appliance repair company (Immediate Appliance), a junk removal-demolition company (Mack's), and a masonry/concrete contractor (Haxton). Defendants are sophisticated, well-resourced businesses that will vigorously contest the allegations of wrongdoing that go to the core of their businesses. To meet this challenge, the proposed class requires leadership that is talented, experienced, collaborative, well-resourced, diverse, and supported by other plaintiffs. The Proposed Leadership Slate offers all that and more and is "best able to represent the class." Fed. R. Civ. P. 23(g)(2).

**First**, proposed Interim Lead Counsel DiCello Levitt independently uncovered the alleged unlawful conduct, extensively investigating potential claims over the course of several

---

[1] *Immediate Appliance Service, Inc. v. RB Global, Inc. et al*, 1:25-cv-04139 (N.D. Ill.), Dkt. 1, ¶¶ 1–2.

months and hundreds of hours, and as a result, filed the second class action complaint, which was original and drafted without reliance on any other firm's work product; members of the proposed PSC similarly conducted their own independent pre-complaint investigations.

**Second,** the proposed structure is lean, with a sole Interim Lead Counsel headquartered in Chicago (DiCello Levitt), and a modest five-firm PSC—representing nearly all of the venues with filed actions across the country—a structure this Court recently appointed, which proved effective.[2] With one firm responsible for managing the action, this structure avoids duplicative, wasteful efforts, which will inure to the benefit of the class. The structure includes several firms that practice regularly in this District and this Court. And it reflects a successful effort toward coalition building and inclusivity, pulling together individual talents offered by a cohesive group of firms that have worked, and do work, efficiently and cooperatively together.

**Third**, the Proposed Leadership Slate has decades of experience leading and litigating major antitrust class actions like this through trial, including in this District. They've obtained some of the largest antitrust class action verdicts and settlements in history based on their deep experience in class actions, federal practice and procedure, complex litigation, the intricacies of class certification, as well as the credible threat of taking cases to trial.

**Fourth,** the Proposed Leadership Slate has solid experience litigating the sort of information sharing claims at issue here, as well as experience litigating antitrust claims in this and related industries; thus, the class will benefit from the lack of a steep learning curve.

**Fifth**, the Proposed Leadership Slate is the result of a consensus building effort (as recognized by the Manual on Complex Litigation) and formed by inclusivity and diversity – the

---

[2] *See In re: Beyond Meat, Inc. Protein Content Marketing and Sales Practices Litig.*, MDL No. 3059 (N.D. Ill.) ("*Beyond Meat*") (Proposed PSC members Fegan Scott and Lockridge were appointed to the interim plaintiffs' steering committee by this Court).

firms are geographically dispersed across the country, and the team is comprised of a group of diverse attorneys. Moreover, the slate is supported by a majority of plaintiffs in cases on file.

**Sixth**, the Proposed Leadership Slate is well-resourced, both financially and with personnel, which is critically important given the number of defendants and vast resources of the elite law firms representing them. Resources also include DiCello Levitt's Trial Center and ESI Working Group, and similar resources of the PSC members, that will allow for reduced costs to the class. DiCello Levitt intends to rely on the individual talents of each of the PSC members to best harness the skillsets each has to offer. That said, a strict time and expense protocol will be instituted to ensure there are no unnecessary or duplicative efforts, which can be better managed when there is only one lead counsel overseeing the whole of the litigation.

For these reasons, the Court should appoint the Proposed Leadership Slate.

## II. LEGAL STANDARD FOR APPOINTMENT OF INTERIM CLASS COUNSEL

When multiple applicants seek appointment as interim counsel, "the court must appoint the applicant best able to represent the interests of the class," Fed. R. Civ. P. 23(g)(2), applying the standards of Rule 23(g)(1). *Wilcosky v. Amazon.com, Inc.*, 2022 WL 18937690, at *2 (N.D. Ill. May 16, 2022). In doing so, the court must consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." *In re FICO Antitrust Litig. Related Cases*, 2021 WL 4478042, at *3 (N.D. Ill. Sept. 30, 2021) ("*FICO*") (citing Fed. R. Civ. P. 23(g)(1)(A)). Finally, the court may consider "counsel's ability to fairly and adequately represent the interests of the class," Fed. R. Civ. P. 23(g)(1)(B), including its diversity "across axes of gender, race, and other aspects of

3

identity." *FICO*, 2021 WL 4478042, at *3 (citation omitted).

## III. THE PROPOSED LEADERSHIP SLATE SATISFIES RULE 23(G)

### A. Factor 1: The Proposed Leadership Slate Extensively Investigated the Claims

The firms comprising the Proposed Leadership Slate worked extensively in investigating the claims and organizing the case to date. *See* Fed. R. Civ. P. 23(G)(1)(A)(i). DiCello Levitt, proposed Interim Lead Counsel, alone worked more than 200 attorney hours over five months independently investigating potential claims and developing the case, including drafting an original complaint. The firms in the Proposed Leadership Slate worked with private investigators; consulted industry experts; interviewed injured parties; conducted research on the market and its players; conducted legal research into theories of liability and damages; and consulted with economists to better understand the market, damages and to develop their complaints. Their pre-complaint investigations were critical to the development of the case.

As a result, of the twenty-one actions now before this Court, Plaintiffs were among the first to file their complaints. Plaintiff Immediate Appliance (represented by DiCello Levitt) was second to file (April 16, 2025), with a wholly original complaint based on DiCello Levitt's own investigation. Plaintiff Swanson was third to file, Plaintiff Mack's Junk Removal was fourth, and Plaintiff Haxton was seventh. Importantly, "being first to file favors no firm [when] complaints [a]re filed in close proximity to each other." *Jones v. Micron Tech. Inc.*, 2019 WL 13199757, at *1 (N.D. Cal. Sept. 4, 2019) (finding this factor favors counsel "involved in the filing of three of the five" earliest complaints, not counsel "involved in the filing of only [the first] one"); *see also FICO*, 2021 WL 4478042, at *6 (appointing interim counsel where applicant "law firms have been involved in this litigation since its early days").

Plaintiffs' complaints show that their work was valuable to the class. For example, members of the Proposed Leadership Slate were the first to name Home Depot and

EquipmentShare as Defendants,[3] and the first to bring a separate information sharing claim.[4] *See Walker v. Discover Fin. Servs.*, 2011 WL 2160889, at *4 (N.D. Ill. May 26, 2011) (appointing interim counsel who had "expended resources in identifying and investigating potential claims" that an earlier filed case had not included).

In addition, the Proposed Leadership Slate has worked diligently post-filing to get the case going, including working to consolidate the cases and build consensus for leadership.

## B.    Factors 2 and 3: The Proposed Leadership Slate Has the Requisite Experience in Complex Class Actions and Knowledge of Antitrust Law

As demonstrated below and as detailed in their respective firm resumes (Exhibits A), the Proposed Leadership Slate is comprised of highly qualified firms and attorneys who possess the requisite experience to best prosecute this action. *See* Fed. R. Civ. P. 23(g)(1)(A)(ii)–(iii).

### 1.    DiCello Levitt LLP

Headquartered in Chicago, DiCello Levitt is a national complex litigation and trial firm, with nearly 90 attorneys in eight offices and extensive experience practicing in this District. *See* Levitt Decl., Ex. A. The firm has a well-respected antitrust practice comprising attorneys with decades of antitrust, class action, government enforcement, and trial experience. The firm's team of antitrust attorneys is regularly appointed lead counsel and has been recognized by courts for its commitment to providing real opportunities to attorneys from historically underrepresented groups. The group has recently resolved several antitrust class actions as co-lead counsel, including two in this District: *In re Surescripts Antitrust Litig.*, No. 1:19-cv-06627 (N.D. Ill.) ($49.7 million); *In re European Gov't Bonds Antitrust Litig.*, No. 1:19-cv-02601 (S.D.N.Y.) ($120 million); *Borozny et al. v. RTX Corporation, Pratt & Whitney Division, et al.*, No. 3:21-cv-01657 (D. Conn.) ($60.5

---

[3] *Immediate Appliance Service, Inc. v. RB Global, Inc. et al.*, No. 1:25-cv-04139, Dkt. 1 (N.D. Ill.); *Mack's Junk Removal, LLC v. Rouse Services LLC et al.*, No. 2:25-cv-03565, Dkt. 1 (N.D. Cal.).
[4] *Immediate Appliance*, No. 1:25-cv-04139, Dkt. 1 at 36–37.

million); *Fusion Elite All Stars v. Varsity Brands, LLC*, No. 2:20-cv-02600 (W.D. Tenn.) ($43.5 million); *In re Novartis and Par Antitrust Litig.*, No. 1:18-cv-04361 (S.D.N.Y.) ($30 million); and *In re Opana ER Antitrust Litig.*, No. 1:14-cv-10150 (N.D. Ill.) ($15 million).

Particularly relevant here, attorneys in the firm's antitrust group have experience litigating antitrust actions alleging illegal information exchanges, including in this District. *See, e.g., In re Manufactured Home Lot Rent Antitrust Litig.*, No. 1:23-cv-06715 (N.D. Ill.) (co-lead and liaison counsel in case alleging information exchange conspiracy to raise lot rents); *Coleman v. RealPage, Inc. et al.*, No. 2:25-cv-00093 (E.D. Ky.) (representing the Commonwealth of Kentucky in action alleging corporate landlords conspired to raise rents through a pricing algorithm). They also have experience with litigation regarding construction materials.[5]

Practicing from the firm's headquarters in Chicago, **Adam Levitt** is a founding partner of DiCello Levitt and is one of the nation's leading advocates for plaintiffs in complex class actions, including antitrust class actions. Mr. Levitt is regularly appointed to leadership positions in significant matters in this District. *See, e.g.*, *Navistar Maxxforce Engines Marketing, Sales Practices and Products Liability Litig.*, No. 1:14-cv-10318 (N.D. Ill.) ($135 million settlement). Mr. Levitt has been recognized nationally and in the state of Illinois for his accomplishments, including Band 1 rankings for "Mainly Plaintiffs Litigation in Illinois" for five consecutive years and ranked in Illinois for "General Commercial Litigation" by *Chambers USA*. Mr. Levitt is also a member of the Economic Club of Chicago, chairs an annual class action litigation conference in Chicago, authors a monthly class action column in the *National Law Journal*, and is a regular speaker at his *alma mater*, the Northwestern University Pritzker School of Law.

---

[5] For example, prior to joining DiCello Levitt, Mr. Barnett was involved in matters relating to laminate flooring and concrete construction materials. *See In re: Lumber Liquidators Chinese-Manufactured Flooring Products Marketing, Sales Practices and Products Liability Litig.*, No. 1:15-md-02627 (E.D. Va.); *Staton v. IMI South, LLC d/b/a Irving Materials et al.*, No. 03-CI-588 (Ky. Hopkins Cir. Ct.).

The firm's antitrust group is chaired by **Greg Asciolla**, who also serves as Managing Partner of the New York office. With three decades of antitrust litigation experience, including in the U.S. Department of Justice's Antitrust Division, Mr. Asciolla is an accomplished practitioner who is regularly appointed to leadership positions in antitrust actions, including in *In re Generic Pharms. Pricing Antitrust Litig.*, No. 2016-md-02724 (E.D. Pa.), alleging a mammoth generic drug price-fixing conspiracy. He has been widely recognized for his achievements in the antitrust bar, including "Titan of the Plaintiffs' Bar" and an MVP of the Year (Antitrust) by *Law360*, as well as earning rankings in *Chambers USA*, *Global Competition Review*, *Benchmark Litigation*, *The Legal 500*, and *Lawdragon*. Mr. Asciolla was also selected to *Crain's New York Business* 2023 list of Notable LGBTQIA+ Leaders and to *Law360*'s 2023 Diversity & Inclusion Editorial Advisory Board. He serves as Vice-Chair of the ABA Antitrust Section's Diverse Perspectives & Engagement Committee, on the Board of Directors of Public Justice, on the Advisory Board of the American Antitrust Institute, on the Executive Committee of the New York State Bar Association's Antitrust Section, and President of the Committee to Support the Antitrust Laws.

**Alexander Barnett** is an antitrust partner with three decades of experience in complex and class action litigation. Mr. Barnett's work has earned him a spot on *Lawdragon's* 500 Leading Plaintiff Financial Lawyers (2019–2025) and on *Lawdragon's* 500 Leading Global Antitrust and Competition Lawyers (2025). In 2019, he and his colleagues were awarded AAI's Outstanding Antitrust Litigation Achievement in Private Law Practice Award. In addition, Mr. Barnett is a past president of COSAL.

### 2. Lockridge Grindal Nauen PLLP

LGN is a premier antitrust litigation firm based in Minneapolis, with additional offices in Chicago and Boston. For nearly 50 years, LGN attorneys have prosecuted major antitrust class

7

actions nationwide. In just the last decade, LGN has recovered billions of dollars for its antitrust clients and class members. *See* Bourne Decl., Ex. A. LGN's leadership team on this case currently serves as co-lead counsel in several significant antitrust class actions across the country, including cases alleging algorithmic price fixing and information-sharing.[6] The LGN team leading this case will be comprised of Joseph C. Bourne and Kira Q. Le.[7]

LGN's work on recent cases demonstrates not just the ability to manage complex litigation, but to get results. *See, e.g.*, *In re Broiler Chicken Antitrust Litig.*, No. 16-cv-08637 (N.D. Ill.) (settled with 13 defendants for $284 million and tried claims against last remaining defendant to jury verdict); *In re Packaged Seafood Products Antitrust Litig.*, No. 15-md-2670 (S.D. Cal.) (members of small trial team; settled on eve of trial with two remaining defendants for $136 million); *Precision Associates, Inc. v. Panalpina World Transport (Holding) Ltd.*, No. 8-cv-42 (E.D.N.Y.) (settled with 28 defendant families for approximately $490 million).

**Joseph C. Bourne** is a partner with over fifteen years of experience focused on antitrust and class action litigation. Mr. Bourne's peers recognize his skill and professionalism, in Minnesota and nationally. He received AAI's Outstanding Antitrust Litigation Achievement by a Young Lawyer award in 2022 for his work in *Pork* leading and coordinating discovery, and has been named a Minnesota Super Lawyer (2024–2025) and Rising Star (2014–2023). He currently serves as the Chair of COSAL's Federal Rules Committee, and he is a past Council Member of

---

[6] *See, e.g.*, *In re GoodRx & Pharmacy Benefit Manager Antitrust Litig. (No. II)*, No. 1:25-md-03148 (D.R.I.) (algorithmic price fixing); *In re Pork Antitrust Litig.*, No. 18-cv-01776 (D. Minn.) (price fixing involving information-sharing service); *Granulated Sugar*, No. 24-md-03110 (D. Minn.) (same); *In re Frozen Potato Prods. Antitrust Litig.*, No. 1:24-cv-11801 (N.D. Ill.); *In re Apple Inc. Smartphone Antitrust Litig.*, No. 2:24-md-03113 (D.N.J.); *In re Axon VieVu Antitrust Litig.*, No. 23-cv-7182 (D.N.J.); *In re Concrete & Cement Additives Antitrust Litig.*, No. 24-md-03097 (S.D.N.Y.); *In re Eyewear Antitrust Litig.*, No. 1:24-cv-04826 (S.D.N.Y.); *In re Valve Antitrust Litig.*, No. 2:21-cv-00563 (W.D. Wash.); *Wood Mountain Fish LLC v. Mowi ASA*, No. 19-cv-22128 (S.D. Fla.).
[7] Other LGN attorneys on the case will include Stephen J. Teti and Heidi M. Silton. Ms. Silton will anchor the team with her nearly 30 years of antitrust experience.

the Minnesota State Bar Association's Antitrust Section.

### 3.    Gustafson Gluek PLLC

Gustafson Gluek's practice is focused on plaintiff-side complex class action cases, with an emphasis on antitrust litigation, obtaining billions of dollars and critical injunctive relief for millions of consumers and businesses since 2003. Gustafson Gluek began investigating Rouse Rental Insights in January of this year, well before the first complaint was filed, and will continue to harness its considerable experience in litigating antitrust class action cases for the benefit of the class. Their team will include Dan Hedlund, Dan Nordin, and Shashi Gowda.

**Dan Hedlund**, a senior partner and co-chair of the firm's Antitrust Department, has practiced antitrust law for over 25 years, pursuing relief for classes of businesses and consumers. Currently, he is co-lead counsel in *In re Deere & Co. Repair Servs. Antitrust Litig.*, MDL No. 3030 (N.D. Ill.), and *In re Eyewear Antitrust Litig.*, No. 1:24-cv-04826 (S.D.N.Y.). *See* Hedlund Decl., Ex. A. Mr. Hedlund played a key role in achieving multimillion dollar settlements in several other cases including *Bhatia v. 3M Company*, No. 16-cv-1304 (D. Minn); *Kleen Prods. vs. International Paper*, No. 10-cv-5711 (N.D. Ill.); and *In Re Dealer Management Sys. Antitrust Litig.*, MDL No. 2817 (N.D. Ill.).

**Dan Nordin** is a partner who has over the past dozen-plus years represented plaintiffs in many antitrust class actions that have recovered billions dollars for class members.[8] Mr. Nordin continues his representation of plaintiffs, including in claims against Google based on its alleged unlawful monopolization of the online display advertising market and against FICO based on its alleged unlawful monopolization of the business-to-business credit score market. *See In re*

---

[8] *See e.g.*, *In re Packaged Seafood Prods. Antitrust Litig.*, No. 3:15-md-02670 (S.D. Cal.); *Jones v. Varsity Brands*, No. 2:20-cv-02892; (W.D. Tenn.); *In re Dealer Management Sys. Antitrust Litig.*, No. 1:18-cv-00864 (N.D. Ill.); *In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-cv-20000 (N.D. Ala); *The Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, No. 2:10-cv-14360 (E.D. Mich.).

*Google Digital Publisher Antitrust Litig.*, No. 1:21-md-03010 (S.D.N.Y.); *In re FICO Antitrust Litig. Related Cases*, No. 1-20-cv-02114 (N.D. Ill.).

### 4. Garwin Gerstein & Fisher, LLP

Garwin Gerstein & Fisher LLP is an antitrust boutique located in New York City with extensive experience prosecuting antitrust class actions and other complex litigation. In just the last decade, GGF has helped recover more than $4 billion for clients and class members in antitrust class actions. *See* Elman Decl., Ex. A at 4–5. Courts have found GGF's deep knowledge of antitrust and other applicable law, and service in leadership roles in prior cases particularly persuasive, appointing GGF to lead antitrust and other complex cases involving some of the most significant issues affecting the American public and American markets. *Id*. at 6–7.

GGF was among the first firms to successfully litigate antitrust conspiracies related to delayed entry of generic drugs and has developed other proprietary cases including the presently pending *Greystone Mortgage, Inc., et al. v. Equifax Workforce Solutions LLC, et al.*, No. 2:24-cv-2260-JFM (E.D. Pa.), alleging that Equifax monopolized the market for electronic verification of income and employment. The firm builds cases with fact discovery from key defense witnesses, including in-house counsel, and uses successful privilege challenges to create settlement leverage. GGF regularly navigates complex expert issues and defeats *Daubert* challenges, has won crucial appellate precedents, and is fully prepared to take cases to trial.

GGF received the award for Outstanding Achievement in Antitrust Litigation for Private Law Practice from the AAI four times, including in 2024 for *In re Suboxone Antitrust Litig.*, No. 2:13-MD-2445 (E.D. Pa). *Id*. at 9–10. *In Value Drug Co. v. Takeda Pharmaceuticals, USA, Inc., et al.*, No. 21-cv-03500 (E.D. Pa.), a case alleging a conspiracy to restrict output of a pharmaceutical product, GGF and co-counsel went to trial; it resolved with a favorable

10

settlement just before closing arguments. *Id*. at 6–7. GGF has also been appointed co-lead counsel in this district, most recently in *In re Opana ER Antitrust Litig.*, No. 14-cv-10150 (N.D. Ill.), which partially settled in 2022 for $145 million. *Id*.

GGF will be led in this matter by **Deborah Elman** and **Samuel Bonderoff**.

### 5.    Fegan Scott LLC

Founded by Chicago native Elizabeth A. Fegan, Fegan Scott is a Chicago-based nationwide class action firm dedicated to helping victims of antitrust violations, consumer fraud, and discrimination. *See* Fegan Decl., Ex. A. With 30 years' experience, Ms. Fegan has successfully prosecuted price-fixing and deceptive pricing cases,[9] and is currently lead counsel in two price-fixing and information-sharing class actions.[10] Her success is the result of her litigation ethic: zealous advocacy with a core commitment to professionalism. *See, e.g., In re TikTok, Inc., Consumer Privacy Litig.*, No. 20-cv-4699, Transcript of Proceedings, at 12:22-25 (Sept. 24, 2020) (*sua sponte* appointing her as lead class counsel and stating: "Ms. Fegan demonstrated to me during her work in the *NCAA Student-Athlete Concussion MDL* that she is very astute, hard-working and, perhaps most important of all in this circumstance, fair and level-headed.").

Some of Ms. Fegan's most notable cases in this District include: *In re NCAA Student-Athlete Concussion Injury Litig.*, No. 1:13-cv-9116 (N.D. Ill.) (class settlement of 50-year medical monitoring fund); *In re Stericycle, Inc., Sterisafe Contract Litig.*, MDL No. 2455, No.

---

[9] *See, e.g., In re Pre-Filled Propane Tank Mktg. Sales Practices*, MDL No. 2086, No. 09-cv-2086 (W.D. Mo.) (Co-Lead Counsel); *In re Baby Prods. Antitrust Litig.* (*McDonough, et al. v. Toys "R" Us, Inc., et al.*), No. 06-cv-242 (E.D. Pa.) (Co-Lead Counsel); *Duane Smith and Brooke Smith v. Martin Brothers Distributing Company Inc., et al.*, No. CVCV036641 (Iowa Dist. Ct., Dallas Cty) (Lead Counsel); *McCormack v. American Equity Investment Life Insurance Co.*, No. 05-cv-6735 (C.D. Cal.) (Co-lead counsel); *Sheet Metal Works Local No. 20 Welfare and Benefit Fund*, C.A. No. 16-046 (D.R.I.) (part of lead counsel team).

[10] *Granulated Sugar*, No. 24-md-03110 (D. Minn.); *PVC Pipe*, No. 1:24-cv-7639 (N.D. Ill.).

13-cv-5795 (N.D. Ill.) ($280 million settlement in contract class action); *Wiginton v. CB Richard Ellis*, No. 02-cv-6832 (N.D. Ill.) (nationwide settlement of sexual harassment class action): *In re Waste Mgmt., Inc., Secs. Litig.*, No. 97-cv-7709 (N.D. Ill.) (on court-appointed Special Master Team). Moreover, since its founding, Fegan Scott has recovered nearly $15 billion for class members.[11] As a result, Fegan Scott was named Consumer Protection Law Firm of the Year at the National Law Journal's 2023 Elite Trial Lawyers Awards.

### 6. Cuneo Gilbert & LaDuca, LLP

CGL has considerable expertise in representing commercial indirect purchaser plaintiff classes in antitrust matters alleging price-fixing. CGL and the late Jonathan W. Cuneo were appointed interim co-lead counsel for indirect purchaser automobile dealerships in *Auto Parts*, which has been described as the largest and most complex antitrust litigation in U.S. history. *See* Flannery Decl., Ex. A. CGL also leads other commercial indirect purchaser plaintiff classes in multidistrict litigation actions, including *In re Turkey Antitrust Litig.*, No. 20-cv-02295 (N.D. Ill.). *Id*. CGL is also the sole court-appointed lead counsel for the commercial food preparer plaintiff class in *In re Packaged Seafood Products Antitrust Litig.*, No. 15-md-02670 (S.D. Cal.).

CGL attorneys are active in the antitrust legal community. Members of the firm currently serve as the Legal Representative and Executive Director for COSAL (an organization co-founded by Mr. Cuneo), the Chair of the Board of Directors of the AAI, the Co-Founder and Director of U.S. Competition Policy for the Responsible Online Commerce Coalition, and Co-

---

[11] *See In re Aqueous Film-Forming Foams (AFFF) Products Liab. Litig.*, MDL No. 2873, No. 2:18-mn-2873 (D.S.C.) (combined $13.5 billion class settlement for public water systems with Dupont and 3M); *Zakikhani, et al. v. Hyundai Motor Co., et al.*, No. 8:20-cv-01584 (C.D. Cal.) (class settlement valued between $300-$650 million); *In re TikTok, Inc., Consumer Privacy Litig.*, MDL No. 2948, No. 20-cv-4699 (N.D. Ill.) ($92 million class settlement); *In re Kia Hyundai Vehicle Theft Marketing, Sales Prac. and Prods. Liab. Litig.*, MDL No. 3052, No. 8:22-ml-03052 (C.D. Cal.) (*sua sponte* appointment as Interim Class Counsel; $200 million class settlement).

Chair of the ABA's U.S. Comments and Policy Committee of the Section on Antitrust Law.

**Michael J. Flannery** is a partner at CGL. He has over 33 years of experience in leadership roles concerning complex antitrust matters. He serves as the lead attorney for CGL in *Beef*, *Pork*, *Seafood*, *Turkey*, *Fragrance*, *Sugar*, and *Concrete* matters. Mr. Flannery previously served as co-lead counsel for plaintiffs in the *In re Microsoft Corp. Antitrust Litig.*, MDL No. 1332 (D. Md.), and as part of the lead counsel team in the *Law v. NCAA*, Nos. 94-2053, 94-2392 and 95-2026 (D. Kan.). He also worked on one of the largest antitrust class actions ever brought, serving as part of the team that prosecuted the *In re NASDAQ Market-Makers Antitrust Litig.*, MDL No. 1023 (S.D.N.Y.). Mr. Flannery also has extensive lead counsel experience in other complex class action matters. *See* Flannery Decl., Ex. A.

**Evelyn Yifei Riley** is a partner at CGL with over a decade of experience in litigating and managing complex multidistrict litigation with a focus on antitrust matters. She served as one of the two principal female attorneys representing thousands of automobile dealerships in 30 jurisdictions in *Auto Parts*. Ms. Riley currently serves as part of the co-lead counsel team in *Beef*, *Pork*, *Turkey*, *Fragrance*, *Sugar* and *Tires*. Ms. Riley also has considerable experience in other complex class action matters. She represents hospitals in cases against companies that fraudulently marketed and distributed opioids in the United States. Ms. Riley serves on the board of The Asian Pacific American Bar Association of the Greater Washington, D.C. Area, Inc., the oldest and largest association of APA attorneys in the Washington, D.C. area.

### C.  Factor 4: The Proposed Leadership Slate Will Commit the Necessary Resources

The firms within the Proposed Leadership Slate will commit the financial and personnel resources necessary to zealously prosecute this case. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). Antitrust class actions require significant resources; the firms in the Proposed Leadership Slate have dedicated extraordinary resources in past cases, effectively and vigorously litigating on

behalf of the classes they represented. This case will be no different.

In addition to attorney time and capital,[12] the firms bring valuable in-house capabilities that will allow for potentially significant cost savings, inuring to the benefit of the Class. DiCello Levitt has a state-of-the-art trial center, which will be invaluable as the case progresses, and a dedicated Electronically Stored Information (ESI) practice group to handle exactly the kind of complex factual discovery that nationwide antitrust class actions require. And, of course, DiCello Levitt is based in Chicago, reducing the need for multiple firms to travel for court appearances.

In addition, the Proposed Leadership Slate will strictly manage the time spent and the costs incurred to maximize the potential recovery for the class. To that end, the Proposed Leadership Slate drafted a proposed time and expense protocol. Levitt Decl., Ex. B. The proposed protocol will apply to all firms that work on the matter, and proposed Interim Lead Counsel will assign work consistent with each firm's experience, abilities, and resources to reduce or eliminate duplicate efforts to ensure efficient and effective representation.

### D. The Proposed Leadership Slate Offers the Best Structure and Broadest Support

By appointing DiCello Levitt as sole Interim Lead Counsel, supported by a PSC of five firms from across the country, the class gets the perfect mix of lean efficiency and robust advocacy. *See* Manual for Complex Litigation (Fourth) § 21.11 (observing the benefits of "appoint[ing] a lead interim counsel and a steering committee to act for the proposed class"); *id*. § 10.221 (the goal is to "achiev[e] efficiency and economy without jeopardizing fairness to parties"). Indeed, this Court recently appointed a similar structure in *Beyond Meat*—with two of the same PSC firms proposed here—which efficiently settled not long after. *See Beyond Meat*, No. 1:23-cv-00669, Dkts. 6, 8 (appointing sole interim lead counsel supported by a five-firm

---

[12] The Proposed Leadership Slate will not use outside litigation funding to prosecute this case.

steering committee, including Fegan Scott and Lockridge).

Appointing a sole Interim Lead Counsel "as the ultimate decision-maker" expedites decision-making and operates to avoid "conflicts among interim class counsel and any confusion among Defendants as to who has ultimate authority to prosecute this action." *See Abelesz v. Magyar Nemzeti Bank*, 2013 WL 4525399, at *2 (N.D. Ill. Aug. 20, 2013). At the same time, the proposed PSC will allow DiCello Levitt to draw upon the expertise, financial resources, and perspectives of these firms to benefit the class. The firms have worked to bring together all counsel, including coordinating with counsel in cases not part of the structure but who support it to benefit the class.[13] *See FICO*, 2021 WL 4478042, at *6 (appointing counsel who "demonstrated that they can effectively lead and coordinate with other attorneys, by bringing together counsel from eight of the ten related actions to support their motion").

### E. The Proposed Leadership Slate Offers Diversity to Best Represent the Class

The Proposed Leadership Slate boasts geographic and team diversity, both of which will inure to the benefit of the class. Members of the Proposed Leadership Slate include firms located throughout the country. Additionally, attorneys that make up the Proposed Leadership Slate include lawyers from a broad cross-section of society. *See In re Fairlife Milk Prods. Mktg. & Sales Pracs. Litig.*, 2020 WL 362788, at *3 (N.D. Ill. Jan. 22, 2020) (appointing DiCello Levitt and noting its group "better captures the benefits of diversity of experience, skills, and backgrounds"); *see also In re: Int. Rate Swaps Antitrust Litig.*, 2016 WL 4131846, at *5 (S.D.N.Y. Aug. 3, 2016) (appointing interim counsel with "a diverse, complementary, and deep team whose members . . . have represented the substantial majority of the plaintiffs").

---

[13] The Proposed Leadership Slate has the support of counsel for plaintiffs John Signs; Contract Manufacturing Services, Inc. d/b/a. AllFab Railings & Metalworks; Matthew Hayden d/b/a Hayden's Services, LLC; Dwight Roberts Construction Co.; McGinnis Construction Co., Inc.; and PS Bruckel, Inc.

For the foregoing reasons, the Court should grant Plaintiffs' motion.

Dated: August 28, 2025

Respectfully submitted,

By: /s/ Adam J. Levitt
Adam J. Levitt (ARDC No. 06216433)
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
alevitt@dicellolevitt.com

Gregory S. Asciolla (*pro hac vice* forthcoming)
Alexander E. Barnett (*pro hac vice* forthcoming)
**DICELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, New York 10017
(646) 933-1000
gasciolla@dicellolevitt.com
abarnett@dicellolevitt.com

*Counsel for Plaintiffs Immediate Appliance
Service, Inc. and Enterprise Lodging of
Huntsville, L.L.C.*

By: /s/ Joseph C. Bourne
Joseph C. Bourne (Admission # 0389922)
Kira Q. Le (Admission # 0505681)
Heidi M. Silton (Admission # 025759X)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, Minnesota 55401
(612) 339-6900
jcbourne@locklaw.com
kqle@locklaw.com
hmsilton@locklaw.com

Stephen J. Teti (Admission # 0432018)
**LOCKRIDGE GRINDAL NAUEN PLLP**
265 Franklin Street, Suite 1702
Boston, MA 02110
(617) 456-7701
sjteti@locklaw.com

16

*Counsel for Plaintiffs Kris Swanson Construction, LLC, and Enterprise Lodging of Huntsville, L.L.C.*

*By: /s/ Daniel C. Hedlund*
Daniel C. Hedlund *(pro hac vice* forthcoming)
Daniel J. Nordin *(pro hac vice* forthcoming)
Shashi K. Gowda *(pro hac vice* forthcoming)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com
sgowda@gustafsongluek.com

*Counsel for Plaintiff Strupp Trucking Inc.*

*/s/ Deborah A. Elman*
Bruce E. Gerstein (*pro hac vice* forthcoming)
Deborah A. Elman
Samuel E. Bonderoff (*pro hac vice* forthcoming)
**GARWIN GERSTEIN & FISHER LLP**
88 Pine Street, Suite 2810
New York, NY 10005
Tel: (212) 398-0055
bgerstein@garwingerstein.com
delman@garwingerstein.com
sbonderoff@garwingerstein.com

*Counsel for Haxton Masonry, Inc.*

By: */s/ Elizabeth A. Fegan*
Elizabeth A. Fegan
**FEGAN SCOTT LLC**
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Phone: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

Jonathan D. Lindenfeld
**FEGAN SCOTT LLC**
305 Broadway, 7th Floor
New York, NY 10007
Phone: 332.216.2101

17

Fax: 312.264.0100
jonathan@feganscott.com

*Counsel for Matrix Construction L.L.C.*

/s/ Michael J. Flannery
Michael J. Flannery
**CUNEO GILBERT & LADUCA, LLP**
Two CityPlace Drive, Second Floor
St. Louis, MO 63141
Tel: (314) 226-1015
mflannery@cuneolaw.com

Evelyn Riley
Daniel M. Cohen
Alexandra Klein
**CUNEO GILBERT & LADUCA, LLP**
2445 M St. NW, Suite 740
Washington, D.C. 20037
Tel: (202) 789-3960
evelyn@cuneolaw.com
danielc@cuneolaw.com
aklein@cuneolaw.com

*Counsel for Mack Junk Removal, LLC*