1

```
 1                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                              EASTERN DIVISION


 3
     IN RE CONSTRUCTION EQUIPMENT    )   MDL No. 3152
 4   ANTITRUST LITIGATION            )   Master Case No. 25 C 3487
                                     )
 5                                   )   Chicago, Illinois
     THIS DOCUMENT RELATES TO        )   October 8, 2025
 6   ALL ACTIONS                     )   1:45 p.m.

 7
                  TRANSCRIPT OF PROCEEDINGS - STATUS HEARING
 8                  BEFORE THE HONORABLE SARA L. ELLIS

 9   APPEARANCES:

10   For the Plaintiffs:    BERGER MONTAGUE PC
                            BY:  MR. ZACHARY D. CAPLAN
11                          1818 Market Street, Suite 3600
                            Philadelphia, Pennsylvania 19103
12
                            EDELSON PC
13                          BY:  MS. NATASHA J. FERNÁNDEZ-SILBER
                            350 North LaSalle Street, 14th Floor
14                          Chicago, Illinois 60654

15                          HAUSFELD LLP
                            BY:  MS. SWATHI BOJEDLA
16                          1200 17th Street, NW, Suite 600
                            Washington, DC 20036
17
                            DiCELLO LEVITT LLC
18                          BY:  MR. ALEXANDER E. BARNETT
                            485 Lexington Avenue, Suite 1001
19                          New York, New York 10017

20                          LOCKRIDGE GRINDAL NAUEN PLLP
                            BY:  MR. JOSEPH C. BOURNE
21                          100 Washington Avenue S, Suite 2200
                            Minneapolis, Minnesota 55401
22
                            GARWIN GERSTEIN & FISHER LLP
23                          BY:  MR. SAMUEL E. BONDEROFF
                            88 Pine Street, 10th Floor
24                          New York, New York 10005

25
```

```
 1   APPEARANCES (Cont'd):

 2                        CUNEO GILBERT & LADUCA, LLP
                          BY:  MR. MICHAEL J. FLANNERY
 3                        Two CityPlace Drive, Second Floor
                          St. Louis, Missouri 63141
 4
                          GUSTAFSON GLUEK PLLC
 5                        BY:  MR. DANIEL J. NORDIN
                          Canadian Pacific Plaza
 6                        120 South Sixth Street, Suite 2600
                          Minneapolis, Minnesota 55402
 7
                          NUSSBAUM LAW GROUP, P.C.
 8                        BY:  MS. LINDA P. NUSSBAUM
                          1133 Avenue of the Americas, 31st Floor
 9                        New York, NY 10036

10
     For the Defendants:   VINSON & ELKINS LLP
11                        BY:  MR. STEPHEN M. MEDLOCK
                          2200 Pennsylvania Avenue, NW
12                        Suite 500 West
                          Washington, DC 20037
13
                          KIRKLAND & ELLIS LLP
14                        BY:  MR. BRANDON HANLEY
                          601 Lexington Avenue
15                        New York, NY 10022

16                        WINSTON & STRAWN LLP
                          BY:  MR. JAMES F. HERBISON
17                        35 West Wacker Drive
                          Chicago, Illinois 60601
18
                          SULLIVAN & CROMWELL LLP
19                        BY:  MR. ADAM S. PARIS
                          1888 Century Park East, Suite 2100
20                        Los Angeles, California 90067

21                        PAUL HASTINGS LLP
                          BY:  MR. CHRISTOPHER C. BREWER
22                        2050 M Street NW
                          Washington, DC 20036
23
                          MORGAN LEWIS & BOCKIUS LLP
24                        BY:  KENNETH M. KLIEBARD
                          110 N. Wacker Drive, Suite 2800
25                        Chicago, Illinois 60606
```

1    APPEARANCES (Cont'd):

2                          SIDLEY AUSTIN LLP
                           BY:  MR. COREY W. ROUSH
3                          1501 K Street NW
                           Washington, DC 20005
4
                           JONES DAY
5                          BY:  MS. CAROLINE O. VAN WAGONER
                           4655 Executive Drive, Suite 150
6                          San Diego, California 92121

7

8

9

10

11

12

13

14

15

16

17

18

19

20   Court Reporter:       KELLY M. FITZGERALD, RPR, RMR, CRR
                           Official Court Reporter
21                         219 S. Dearborn Street, Room 1412
                           Chicago, Illinois  60604
22                         (312) 818-6626
                           kmftranscripts@gmail.com
23
                              *   *   *   *   *
24
                   PROCEEDINGS REPORTED BY STENOTYPE
25       TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

1        (Proceedings heard in open court:)

2            THE CLERK:  Case 25 CV 3487, In re: Construction

3   Equipment Anti Litigation -- Antitrust Litigation.

4            THE COURT:  All right.  If everybody could put --

5            COURT REPORTER:  I got them already.

6            THE COURT:  You got them?  Okay.  Great.

7            First, thank you for your patience today.  We've -- we

8   have a bit of a crazy day.  It's been a crazy week, and it's

9   only Wednesday.

10           I left something on my desk.  I'll be right back.

11      (Pause.)

12           THE COURT:  All right.  So having reviewed everything

13  and after our last hearing, this is the structure that I'm

14  going to appoint.

15           So I'm going to appoint DiCello Levitt LLP and

16  Berger -- is it Montague?

17           MS. CAPLAN:  Montague.

18           THE COURT:  Montague.  Okay.

19           Berger Montague PC as co-lead counsel.

20           I am also going to appoint a plaintiff steering

21  committee, and that committee will contain Lockridge Grindal

22  Nauen?

23           MR. BORG:  Nauen.

24           THE COURT:  Sorry?

25           MR. BORG:  It's Nauen, Your Honor.

1        THE COURT:  Nauen.  Thank you.

2        COURT REPORTER:  Your name?

3        MR. BORG:  Joseph Borg.

4        COURT REPORTER:  Thank you.

5        THE COURT:  Fegan Scott; Gustafson Gluek; Garwin

6   Gerstein & Fisher; Cuneo Gilbert & LaDuca; and then Samantha

7   Gupta of Freed Kanner London & Millen to the plaintiff steering

8   committee.

9        And I've got an order to that effect that lays out my

10  reasoning that will issue today, but I appreciate that

11  everybody who put forth their credentials and volunteered to

12  participate in the leadership of this MDL, and it was not easy

13  to choose between all of the candidates.  Everyone was

14  extremely well qualified.

15       But I came to this decision based on looking at the

16  factors of who was kind of integral in investigating the claims

17  in this case and putting it together, who's knowledgeable,

18  well resourced and geographically diverse, who devoted

19  substantial time and effort in identifying and investigating

20  the facts and researching the claims, and that there were

21  several firms that would have been qualified under those

22  factors.

23       So -- and at this point, I do appreciate the

24  suggestion to appoint settlement counsel, but I think at this

25  point it may be a little premature to go down that road.  I am

6

1    certainly open to it in the future as the case progresses, but

2    for now, I want to leave the leadership set as it is currently.

3              So let's talk about next steps.

4              All right.  So the plaintiffs proposed that they file

5    a consolidated amended complaint and that you wanted to do

6    that.

7              So if we set that for November 7th, does that work for

8    everybody?

9              MR. BARNETT:  Yeah.

10             MR. CAPLAN:  Yes.

11             MR. BARNETT:  Well, I shouldn't speak for Mr. Caplan,

12   because he's at Berger Montague.  This is Alex Barnett from

13   DiCello Levitt.

14             But I believe that's within the 30 days we had

15   proposed previously, so --

16             THE COURT:  Okay.

17             MR. BARNETT:  -- that works.

18             MR. CAPLAN:  Yes.

19             THE COURT:  All right.  So that is Friday the 7th of

20   November.

21             I presume, without having seen any amended complaint

22   but just knowing how this litigation tends to proceed, that the

23   defendants are not going to be saying this is the world's best,

24   most wonderful, most legal -- legally-based complaint, we will

25   simply file an answer, and let's move on.

1        Is --

2        MR. MEDLOCK:  That's a fair assumption, Your Honor.

3        THE COURT:  Would that be fair?  Okay.

4        So --

5        COURT REPORTER:  Name, please.

6        MR. MEDLOCK:  Oh, that's Stephen Medlock from Vinson &

7   Elkins.

8        THE COURT:  Okay.  So presuming that I'm going to be

9   getting either a motion to dismiss or a motion -- some

10  combination of a motion to compel arbitration and a motion to

11  dismiss, when would defendants like to file their responsive

12  pleading?

13        MR. MEDLOCK:  Your Honor, we -- this is Stephen

14  Medlock for Rouse and RB Global.

15        We think 60 days afterwards with a little bit of a

16  bump for the holidays makes sense.

17        THE COURT:  Sure.

18        MR. MEDLOCK:  So we were thinking 63 days, which would

19  put us at January 9th.

20        THE COURT:  Okay.

21        All right.  And then plaintiffs' response, when would

22  you want to get that on file?

23        MR. MEDLOCK:  Go ahead.

24        MR. BARNETT:  No, go ahead, please.  I guess we should

25  both come up here, yeah.

1    MR. CAPLAN:  I believe we proposed -- well, it would

2  have been March 9th, but if an extra three days to March 12th,

3  which I don't think is the weekend.

4    THE COURT:  Let me take a look.

5    Yeah, March 12th is a Thursday.

6    MR. CAPLAN:  Yes.

7    THE COURT:  Okay.

8    And then the defendants' reply?

9    MR. MEDLOCK:  We were thinking 45 days for that,

10  Your Honor, which would -- if we're doing March 12th, I think

11  that would put us at April 26th with the same caveat that I

12  don't know if that's a weekend.

13    THE COURT:  That's a Sunday, so how about the 27th?

14    MR. MEDLOCK:  We'll take it.

15    THE COURT:  Okay.

16    And then I will set a ruling date then for August 18th

17  at 9:30.

18    Emma, is this yours?  That's not going to work, is it?

19    Okay.  We want to say August 4th or end of July?

20    LAW CLERK:  End of July.

21    THE COURT:  Okay.  Let's say July 28th.  Sorry about

22  that.

23    Does that work?  Okay.

24    So July 28th at 9:30.

25    MR. BARNETT:  Your Honor?

 1    THE COURT:  Yes.

 2    MR. BARNETT:  If we may.  One question about the

 3 motion to dismiss since there are multiple defendants.  We

 4 haven't spoken with the defendants about it, but obviously we

 5 would like to see one brief rather than nine multiple or eight

 6 multiple briefs, if possible.

 7    THE COURT:  So --

 8    MR. MEDLOCK:  We'll certainly do what we can to

 9 consolidate.  It's just a little hard for me to guarantee that

10 until I see the amended complaint.

11    THE COURT:  Yes.  So to the extent that the defendants

12 can file one overall brief, that is my preference.  Where

13 there's specific claims that might relate to specific

14 defendants and not others, those defendants can file a separate

15 brief as to the issues that relate particularly to them.

16    Does that make sense?

17    MR. MEDLOCK:  Yes, that addresses the issue.

18    MR. BARNETT:  Yes.  Thank you, Your Honor.

19    THE COURT:  Okay.  All right.  Then the --

20   (Counsel conferring.)

21    MR. MEDLOCK:  If I may, while we're on briefing,

22 Your Honor.

23    THE COURT:  Yes.

24    MR. MEDLOCK:  I think the one thing we would want to

25 take back and discuss with lead counsel for the plaintiffs is

1  page limits.  I think we need to see the amended complaint,

2  frankly, to understand that as well.

3          THE COURT:  Yeah.  And I'm -- you know, I'm not going

4  to hold you to the 15 pages.  I'm sure that the complaint is

5  going to be --

6          MR. MEDLOCK:  I would hope it would be slimmer, but I

7  doubt it will be.

8          MR. CAPLAN:  I doubt it.

9          THE COURT:  I mean, it may be slimmer, but I don't

10  know that you'll be able to do everything you need to do in 15

11  pages.  And I won't tell you that I'm going to stop reading at

12  page 15 --

13          MR. MEDLOCK:  Fair enough.

14          THE COURT:  -- but, you know, my hope is I would not

15  be looking at a hundred-page motion to dismiss.

16          MR. MEDLOCK:  That's my hope, as well, yes.

17          THE COURT:  Right?  So brevity is a virtue.

18          MR. MEDLOCK:  Mm-hmm.  Understood.

19          THE COURT:  And it would be good to practice that.

20  But, you know, nobody needs to file a motion for excess pages.

21  It's understood.  Just don't drown me in paper, right?

22          MR. MEDLOCK:  Understood, Your Honor.

23          MR. BARNETT:  Absolutely.

24          THE COURT:  Okay.  What is -- what's the plaintiffs'

25  position on discovery pending the motion to dismiss?

1      MR. CAPLAN:  Your Honor, in the status report we put

2  in on August 19th, we had proposed that 45 days from today, you

3  know, we could spend that time to discuss with defense counsel

4  if they were open to proceeding on anything.  And we could come

5  back to you at that point with an update.

6      THE COURT:  Okay.  All right.  So at this point, I

7  won't -- I'm not going to touch discovery.  I'm not going to

8  say that I'm staying it or not staying it.  We can come back

9  and talk about it.

10      So why don't we -- are you planning to talk to each

11  other and come up with a proposal within 45 days, or when would

12  you like to come back and see me?

13      MR. MEDLOCK:  We're happy to do that on the defense

14  side, Your Honor.

15      I just want to be transparent with the Court.  We are

16  likely to ask that, you know, all or nearly all discovery be

17  stayed pending the resolution of the motion to dismiss.

18      THE COURT:  Oh, I know.

19      MR. MEDLOCK:  Sure.  Yes.

20      THE COURT:  It's not a surprises.

21      MR. MEDLOCK:  Yes.

22      THE COURT:  This isn't my first rodeo.

23      MR. MEDLOCK:  I didn't think I was surprising you, but

24  I just wanted to put it out there.

25      THE COURT:  Yeah, not my first rodeo.  Generally the

1  defendants don't want any discovery and plaintiffs want

2  everything under the sun to start yesterday, and we generally

3  come somewhere in the middle.

4          MR. MEDLOCK:  Yes.

5          THE COURT:  So why don't -- so why don't you file a

6  status report before me on discovery and identify where you can

7  kind of reach some common ground.  There may be -- especially

8  on the arbitration issue, which I know I had talked to you

9  about kind of doing that informally ahead of time.  There may

10  be limited areas where discovery is appropriate to get started,

11  or there may be a claim that we know is going to make it

12  through and wouldn't hurt to at least get started on written

13  discovery on that.

14          So why don't you give me a status report by -- how

15  about by November 14th?

16          MR. BARNETT:  Okay.  Very good.  Thank you, Your

17  Honor.

18          MR. MEDLOCK:  Thank you.

19          THE COURT:  And then I will see you back --

20          MR. MEDLOCK:  Your Honor, just one -- one note about

21  the 14th.

22          From the defense perspective, we get the amended

23  complaint on the 7th.

24          THE COURT:  Mm-hmm.

25          MR. MEDLOCK:  And then that gives us only a week to

1    really analyze.

2              THE COURT:  Oh, all right.  How about the -- do you

3    want to say the 21st?

4              MR. MEDLOCK:  That would be preferable.  Thank you.

5              THE COURT:  Sure.

6         And then why don't I see the parties back here

7    December 2nd?  And that will be at -- how about 10:30?

8              MR. MEDLOCK:  Thank you.

9              MR. BARNETT:  And, Your Honor, if I may, just to

10   clarify, the 2nd will be to discuss the discovery issues that

11   we have identified?

12             THE COURT:  Yes.

13             MR. BARNETT:  Okay.

14             THE COURT:  So if -- you know, if you give me a status

15   report that says we agree and life is copacetic, this is what

16   we're going to do and this is what we propose and how we

17   propose to do it and the dates, I will say thank you very much,

18   and I will cancel the status date and simply enter an order.

19        If, as I suspect but deeply hope won't happen, is

20   there are areas where you can't see eye to eye, then I'll put

21   this on and see you and we'll decide where to go from there.

22             MR. MEDLOCK:  Thank you.

23             MR. BARNETT:  Thank you.

24             THE COURT:  Okay.  Am I missing anything?  Anything

25   else we need to cover?

14

1      MR. BARNETT:  If I may.  And I don't mean to

2  complicate things potentially.

3      THE COURT:  No.

4      MR. BARNETT:  But with respect to the page limits on

5  the motion to dismiss briefing, you said we don't need to file

6  a motion for expansion, but would you like the parties to work

7  out a stipulation amongst ourselves and file that with you?

8      THE COURT:  Sure.

9      MR. BARNETT:  Would that make sense?

10     THE COURT:  That's fine.

11     MR. BARNETT:  So that way we are working from the same

12 song sheet amongst ourselves?

13     THE COURT:  Yep, that's fine.

14     MR. MEDLOCK:  Okay.

15     THE COURT:  That's fine.

16     MR. MEDLOCK:  Okay.

17     MR. CAPLAN:  Should we submit that on the 21st as well

18 then?  Of November?

19     THE COURT:  Sure.  Yeah.

20     MR. CAPLAN:  Okay.

21     THE COURT:  That's fine.

22     Okay.  Anything I've missed or haven't addressed that

23 the parties want me to address?

24     MR. MEDLOCK:  Not from the defense perspective.

25     MR. BARNETT:  Thank you, Your Honor.

15

1          MR. CAPLAN:  Thank you.

2          THE COURT:  All right.  Thank you very much.

3          MR. MEDLOCK:  Thank you.

4      (Concluded at 2:05 p.m.)

5

6

7                    *   *   *   *   *

8      I certify that the foregoing is a correct transcript

9  from the record of proceedings in the above-entitled matter.

10 */s/Kelly M. Fitzgerald*          *October 13, 2025*

11 Kelly M. Fitzgerald
   Official Court Reporter
12

13

14

15

16

17

18

19

20

21

22

23

24

25