UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: Construction Equipment Antitrust Litigation | ) ) ) ) ) ) ) No. 25 C 3487 ) ) Judge Sara L. Ellis ) ) |

## ORDER

The Court denies Plaintiff DiPietro Construction Corp.'s motion to appoint Linda P. Nussbaum as interim co-lead counsel and Roberta D. Liebenberg as settlement counsel [104, 105]. The Court grants Plaintiffs Immediate Appliance Service, Inc., Kris Swanson Construction LLC, Mack's Junk Removal, Haxton Masonry, Inc., Enterprise Lodging of Huntsville, LLC, Strupp Trucking, Inc., and Matrix Construction LLC's motion to appoint DiCello Levitt LLP as interim lead co-counsel and appoint Lockridge Grindal Nauen PLLP, Fegan Scott LLC, Gustafson Gluek PLLC, Garwin Gerstain & Fisher LLP, and Cuneo Gilbert & LaDuca LLP to a Plaintiffs' steering committee [107, 111]. The Court grants in part Plaintiff AXG Roofing, LLC's motion to appoint Berger Montague PC, Edelson PC, and Hausfeld LLP as interim co-lead counsel [113]. The Court grants Plaintiff Van Horst General Contractors, LLC's motion to appoint Samantha M. Gupta of Freed Kanner London & Millen LLC to a Plaintiffs' steering committee [112].

The Court appoints DiCello Levitt LLP and Berger Montague PC as interim co-lead counsel. The Court appoints Lockridge Grindal Nauen PLLP, Fegan Scott LLC, Gustafson Gluek PLLC, Garwin Gerstain & Fisher LLP, Cuneo Gilbert & LaDuca LLP, and Samantha M. Gupta of Freed Kanner London & Millen LLC to the Plaintiffs' Steering Committee. See Statement.

## STATEMENT

This case is a multidistrict litigation ("MDL"), arising from an alleged price-fixing conspiracy in the construction equipment rental industry. Multiple Plaintiffs separately moved pursuant to Federal Rule of Civil Procedure 23(g) for this Court to appoint their preferred counsel as interim lead counsel, settlement counsel, or to a Plaintiffs' steering committee. The first proposal, from Plaintiff DiPietro Construction Corp., seeks the appointment of Linda P. Nussbaum as interim co-lead counsel and Roberta D. Liebenberg as settlement counsel (the "DiPietro Proposal"). The second proposal, from Plaintiffs Immediate Appliance Service, Inc., Kris Swanson Construction LLC, Mack's Junk Removal, Haxton Masonry, Inc., Enterprise

1

Lodging of Huntsville, LLC, Strupp Trucking, Inc., and Matrix Construction LLC, seeks appointment of DiCello Levitt LLP as interim lead counsel and Lockridge Grindal Nauen PLLP, Fegan Scott LLC, Gustafson Gluek PLLC, Garwin Gerstain & Fisher LLP, and Cuneo Gilbert & LaDuca LLP to a Plaintiffs' steering committee (the "Immediate Appliance Proposal"). The third proposal, from Plaintiff AXG Roofing, LLC, seeks appointment of Berger Montague PC, Edelson PC, and Hausfeld LLP as interim co-lead counsel (the "AXG Roofing Proposal"). The fourth proposal, from Plaintiff Van Horst General Contractors, LLC, only seeks appointment of Samantha M. Gupta of Freed Kanner London & Millen LLC to a Plaintiffs' steering committee (the "Van Horst Proposal").

Pursuant to Federal Rule of Civil Procedure 23(g)(3), a "court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Appointment of interim class counsel is appropriate when there are "overlapping, duplicative, or competing class suits" such that appointment of interim counsel "is necessary to protect the interests of class members." *Moehrl v. Nat'l Ass'n of Realtors*, No. 19 C 1610, 2020 WL 526511, at *1 (N.D. Ill. May 30, 2020) (citation omitted). Courts generally apply the same factors that govern selection of class counsel after class certification to selection of interim class counsel. *See In re Navistar Maxxforce Engines Mtkg., Sales Pracs., & Prods. Liab. Litig.*, No. 14 C 10318, 2015 WL 1216318, at *1 (N.D. Ill. Mar. 5, 2015). When presented with competing requests for appointment, "the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). The court "must consider":

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). The Court may additionally "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class," Fed. R. Civ. P. 23(g)(1)(B), including their "ability to work cooperatively with opposing counsel and the court." *In re Plasma Derivative Protein Therapies Anitrust Litig.*, No. 09 C 7666, 2010 WL 1433316, at *5 (N.D. Ill. Apr. 7, 2010).

The relevant parties all set forth compelling proposals, making choosing among the candidates difficult. But for the following reasons, the Court finds that a combination of Plaintiffs' proposals is best suited for the needs of this multidistrict litigation.

First, the Court appoints DiCello Levitt LLP and Berger Montague PC as interim co-lead counsel. These two firms are well-credentialed, experienced in class actions and complex litigation, knowledgeable of the applicable law, well-resourced, and geographically diverse. The firms also claim to have devoted substantial time and effort to identifying and investigating the facts alleged in the complaints and researching the claims. And it is not unusual for multiple firms to serve as interim co-lead counsel, although the Court limits its appointment to two firms

to promote efficiency. *See, e.g.*, *Bartling v. Apple, Inc.*, Nos. 5:18-cv-00147-EJD, 5:18-cv-00271-EJD, 2018 WL 4804735, at *2 (N.D. Cal. Apr. 27, 2018) (granting motion to appoint three firms to serve as interim co-lead counsel); *In re Navistar*, 2015 WL 1216318, at *1 (approving three-firm leadership); *Dangelis v. Corzine*, 286 F.R.D. 220, 225 (S.D.N.Y. 2012) (appointing two firms to serve as interim co-lead counsel, in part, because the firms had "an appreciation for the complexity" of the action); *Walker v. Discover Fin. Servs.*, No. 10 C 6994, 2011 WL 2160889, at *5 (N.D. Ill. May 26, 2011) (finding that appointing two firms to serve as interim co-lead counsel will "achiev[e] efficiency and economy without jeopardizing fairness to the parties"). Accordingly, recognizing the magnitude and complexity of this case while still fostering adequate representation, efficiency, and collaboration, the Court appoints DiCello Levitt LLP and Berger Montague PC as interim co-lead counsel.

Second, the Court appoints Lockridge Grindal Nauen PLLP, Fegan Scott LLC, Gustafson Gluek PLLC, Garwin Gerstain & Fisher LLP, Cuneo Gilbert & LaDuca LLP, and Samantha Gupta of Freed Kanner London & Millen LLC to a Plaintiffs' Steering Committee. The firms and lawyers all have antitrust knowledge, complex litigation experience, the financial resources to represent the class, and geographic diversity to represent nearly all the venues with filed actions across the country. Further, Section 10.22 of the Federal Judicial Center's 2004 *Manual for Complex Litigation: Fourth* suggests that courts appoint a steering committee to represent group members' dissimilar interests and positions. Here, with at least twenty different Plaintiffs, the Court finds it appropriate to create a multi-firm steering committee to ensure the adequate yet efficient representation of all Plaintiffs.

Third, while the Court appreciates the suggestion, it declines to appoint settlement counsel at this time given the early stage of the litigation. The Court may, in the future, find settlement counsel appropriate and will keep Ms. Liebenberg in mind for that role.

Date: October 9, 2025                                                                 /s/  Sara L. Ellis_____