**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| IN RE: CONSTRUCTION EQUIPMENT RENTAL ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 1:25-cv-3487<br>MDL No. 3152<br><br><br>Hon. Sara L. Ellis |

**CASE MANAGEMENT ORDER NO. 2**
**<u>AGREED CONFIDENTIALITY ORDER</u>**

The Parties to this Action have agreed to the terms of this Confidentiality Order; accordingly, it is ORDERED:

1.      **Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Protected Material as defined below. This Order shall apply to any named Party to this Action (including all of its officers, directors, employees, retained experts, outside counsel (and their support staff)), as well as any Non-Parties that produce documents or testimony pursuant to any document request, notice of deposition, or subpoena issued in this litigation or to whom disclosure of Confidential Information or Highly Confidential Information is made pursuant to the terms of Paragraph 7. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods, except as noted with regard to the sealing procedure in Paragraph 10 below.

1

2. **Purpose.** This Confidentiality Order is entered to facilitate the exchange of confidential documents and information in connection with this Action. The Confidentiality Order is necessary because some documents exchanged hereunder contain information protected from disclosure by law, including private and protected financial information, confidential regulatory information, and/or commercially sensitive information, disclosure of which could result in violation of law or harm to the Parties.

3. **Definitions.**

(a) **Action**: the above-captioned action, including all cases transferred into, reassigned to, consolidated with, and/or coordinated with MDL No. 3152.

(b) **Challenging Party**: a Party that elects to initiate a challenge to a Designating Party's confidentiality designation.

(c) **Designating Party**: a Party or Non-Party that designates information or items that it or another Party or Non-Party produces in disclosures or in responses to discovery or provides in the form of deposition testimony as Protected Material.

(d) **Party**: any party to this Action.

(e) **Non-Party**: any individual, corporation, association, or other natural person or entity that is not a Party to this Action.

(f) **Producing Party**: a Party or Non-Party that produces documents in this Action.

(g) **Protected Material**: any disclosure or documents that a Designating Party designates as "Confidential Information" or "Highly Confidential Information" pursuant to this Order.

(h) **Receiving Party**: a Party or Non-Party that receives documents from a

2

Producing Party.

**4.     Confidential and Highly Confidential Information.**

(a)     **Confidential Information.** As used in this Order, "Confidential Information" means information, or any portion thereof (regardless how generated, stored, or maintained, including, among other things, disclosures, responses to discovery requests, document productions, deposition testimony, including exhibits and information derived therefrom, and expert reports and materials), designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." In designating Confidential Information, the Designating Party represents that it contains sensitive trade secrets, competitive, or confidential information, and that public disclosure would result in present or future harm to, or cause present or future harm to the legitimate interests of, the Designating Party. Confidential Information may appear within one or more of the following categories:

(i)     information required to be kept confidential or prohibited from disclosure by statute, regulation, or as otherwise required by law or by formal, duly executed, and legally enforceable agreement with a third party;

(ii)     information that reveals trade secrets;

(iii)     research, technical, manufacturing, marketing, commercial, financial, strategic planning, or similar proprietary business information that the Party or Non-Party has maintained as confidential;

(iv)     bank and credit card statements;

(v)     medical information concerning any individual;

(vi)     personally identifiable information ("PII");

(vii)     income tax returns (including attached schedules and forms), W-2

3

forms and 1099 forms; or

(viii)    personnel and employment records of a person who is not a Party to the case.

Information or documents that are available to the public may not be designated as Confidential Information.

(b)    **Highly Confidential Information.** As used in this Order, "Highly Confidential Information" means information, or any portion thereof (regardless how generated, stored, or maintained, including, among other things, disclosures; responses to discovery requests; document productions; deposition testimony, exhibits, and information derived therefrom; and expert reports and materials), designated as "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Highly Confidential Information may include any information described in Paragraph 4(a) that the Designating Party reasonably and in good faith believes contains highly sensitive trade secrets or other highly sensitive competitive or highly sensitive confidential information, and that disclosure to another Party or third party, even if limited to the universe of individuals authorized to receive information designated as Confidential Information under this Order, would result in specific demonstrable present or future harm to, or cause material present or future harm to the legitimate interests of, the Designating Party. By way of example only, Highly Confidential Information may be found in, but is not limited to: (a) business strategies and other strategic planning information; (b) projections or plans regarding performance, budgets, production, output, sales, marketing, or distribution practices; (c) research and development information; (d) manufacturing know-how or technology; (e) board of directors materials and presentations; (f) negotiation strategies; (g) proprietary customer or company data, software, systems, processes, and/or source code; (h) margin, cost, and pricing information; (i) trade secrets; or (j) intellectual

4

property. This list of examples in no way obviates the requirements set forth in this Paragraph in order that a document qualify as Highly Confidential, including that disclosure of said document would result in specific demonstrable present or future harm to, or cause material present or future harm to the legitimate interests of, the Designating Party. Nor does the omission of a category of documents from this list of examples mean that a document cannot qualify as Highly Confidential.

(c) **Source Code.** Defendants represent that if any Party produces source code in this Action, the disclosure of such source code to another Party may create a substantial risk of serious harm. No Party will be required to produce source code until modifications to this Order relating to the protection of source code have been entered by the Court. Within 60 days following the Court's denial or partial denial of the motion(s) to dismiss, the Parties shall meet and confer in good faith and submit any necessary addendum to this Confidentiality Order with specific procedures governing the production of source code.

5. **Designation.** Any Designating Party may designate documents or other information as Confidential Information or Highly Confidential Information under the terms of this Order if the Designating Party in good faith reasonably believes that such document or other information meets the criteria set forth above. For the avoidance of doubt, a Party may designate as Confidential Information or Highly Confidential Information both information that it produces, as well as information produced by other Parties or Non-Parties that contain that Party's confidential material by written notice to a Producing Party, and notice to all Receiving Parties that received the information or documents in question, that specifically identifies by Bates number what documents or information should be reproduced and designated as Confidential Information or Highly Confidential Information.

(a) **Exercise of Restraint and Care in Designating Material for Protection.** Each

Party or Non-Party that designates information for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards set forth above.

   **(b) Manner of Designations.** For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings): a Party may designate a document as Confidential Information or Highly Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information or Highly Confidential Information. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Protected Material are not required to be marked. With respect to documents for which the legend cannot be affixed, e.g., documents produced in native form, this legend shall be affixed to the Bates-labeled placeholder

image and identified in an accompanying load file as outlined in more detail in an ESI Protocol to be agreed to by the Parties. For information produced in any other tangible form (e.g., video tape, audio tape, etc.), the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

(c) The designation of a document as Confidential Information or Highly Confidential Information is a certification by an attorney, a Party, Non-Party, or anyone appearing *pro se* that the document contains Protected Material as defined in this Order.

6. **Depositions and Other Testimony.** All testimony in this Action shall be treated as Highly Confidential Information for a time period of thirty (30) days after the Party or Non-Party that gave the testimony receives the final transcript from the court reporting service, and otherwise no later than sixty (60) days after the testimony was given. This time period may be extended by agreement between the Party taking the testimony and the Party or Non-Party that gave the testimony, and agreement shall not be unreasonably withheld. Within this time period (or such other period as the Parties shall mutually agree), the Party or Non-Party seeking to designate Protected Material shall serve a Notice of Designation to all Parties of record as to specific portions of the testimony that are designated Protected Material, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order, unless such designation is successfully challenged pursuant to the procedures outlined in Paragraph 12 of this Order.

Counsel shall have the right to exclude any person who is not authorized by this Order to receive documents or information designated as Protected Material from any portion(s) of a deposition where testimony regarding Protected Material or the use of Protected Material

that the person is not authorized to receive is reasonably likely to arise.

**7.** **Protection of Confidential Information and Highly Confidential Information.**

**(a)** **Protection of Confidential Information.** Information designated as Confidential Information may be disclosed only to the following "Qualified Persons":

**(i)** **The Court and its personnel**, including attorneys, employees, judges, magistrates, secretaries, special masters, stenographic reporters, staff, transcribers, and all other personnel necessary to assist the Court in its function, the jury, and any appellate court or other court (and their respective personnel) before which the Parties appear in this Action;

**(ii)** **Mediators or other third-party neutrals** engaged or consulted in settlement of all or part of this Action, and staff assisting them with such efforts only after such persons or entities have completed the certification contained in Attachment A;

**(iii)** **Court reporters and recorders**, including stenographers, and videographers retained to record testimony taken in this Action;

**(iv)** **Outside counsel for the Parties**, and such counsel's employees who have responsibility for the preparation and trial of the Action;

**(v)** **In-house counsel for the Parties**, and such in-house counsel's employees who have responsibility for the preparation and trial of the Action;

**(vi)** **Parties and current employees of a Party to this Order** but only to the extent that counsel determines in good faith that the specifically named individual Party's or employee's assistance or testimony is necessary to the conduct of this Action, and only after such persons or entities have completed the certification contained in Attachment A;

**(vii)** **Litigation support services** retained by a Party or its counsel, including outside copying services, court reporters, videographers, stenographers or companies

engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, which includes hosting, processing and sub-processing using "cloud-based" technology, provided however that all third parties have agreed to maintain the confidentiality of any documents they receive consistent with this Order and that document storage, hosting, and processing is done in a secure manner with commercially reasonable safeguards to prevent unauthorized access;

(viii) **Any individual expert, consultant, or expert consulting firm** retained by counsel of record in connection with this Action to the extent necessary for the individual expert, consultant, investigator, or expert consulting firm to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of this Action, provided, however, that: (A) the disclosure shall be made only to an individual expert, or to members, partners, employees or agents of an expert consulting firm as the expert consulting firm shall designate as the persons who will undertake the engagement on behalf of the expert consulting firm (the "Designated Expert Personnel"); (B) the individual expert or Designated Expert Personnel use the information solely in connection with this Action; (C) the individual and/or a representative of each expert consulting firm complete the certification contained in Attachment A on behalf of any Designated Expert Personnel associated with that firm; and (D) absent notice and consent of the opposing Party(ies) or on application to and order of the Court, the individual expert is not a current employee, consultant, independent contractor, or any other type of affiliate of the Defendants;

(ix) **Authors or recipients**, any person who (A) created, authored, sent, received or reviewed such Protected Material; or (B) is or was a custodian of the Protected Material;

(x) **Witnesses at depositions** or who are noticed for depositions to whom disclosure of Protected Material is in good faith reasonably necessary to conduct or prepare for such depositions, provided that the Party that intends to disclose the Protected Material to a witness has a

good-faith, reasonable basis for believing the Protected Material is relevant to events, transactions, discussions, communications, or data about which the witness has or should have personal knowledge. Witnesses shall not retain a copy of documents containing Protected Material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with their review of the transcripts pursuant to Paragraph 6 of this Order. Witnesses noticed for depositions who are shown Protected Material in advance of their deposition must agree to be bound by the provisions of the Order by completing the certification contained in Attachment A prior to being shown Protected Material;

        **(xi)** **Mock jurors or focus group participants** who have agreed to be bound by the provisions of the Order by completing the certification contained in Attachment A;

        **(xii)** **Auditors and insurers of the Parties** only after such persons or entities have completed the certification contained in Attachment A; and

        **(xiii)** **Any other person by consent** as may be designated by written agreement with the Designating Party or by order of this Court.

        **(b)** **Protection of Highly Confidential Information.** Information designated as Highly Confidential Information may be disclosed only to the categories of "Qualified Persons" in Paragraphs 7(a)(i)-(iv) and (vii)-(xiii) of this Order, except as follows: One designated representative from each Named Plaintiff in the Action may view information designated Highly Confidential Information by any Designating Party in the physical or virtual presence of counsel (including via videoconferencing or teleconferencing services) but may not possess, copy, or retain such Highly Confidential Information, as necessary to approve Court filings (other than confidentiality designation challenges), review expert reports, or negotiate settlement. One designated representative from each Defendant in the Action may view information designated Highly

Confidential Information by any Named Plaintiff in the physical or virtual presence of counsel (including via videoconferencing or teleconferencing services) but may not possess, copy, or retain such Highly Confidential Information, as necessary to approve Court filings (other than confidentiality designation challenges), review expert reports, or negotiate settlement. Each such designated representative must complete the certification contained in Attachment A prior to viewing any Highly Confidential Information.

      **(c)**     **Control of Documents.** Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Material. Counsel shall maintain the originals of the form attached as Attachment A signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

      **(d)**     **Materials Prepared Based Upon Protected Material.** Any notes, lists, memoranda, indices, compilations, or other materials prepared or based on an examination of Protected Material that quote from or paraphrase Protected Material with such specificity that the Protected Material can be identified shall be accorded the same status of confidentiality as the underlying Protected Material from which they are prepared, and to the extent those materials are disclosed to other Parties or Non-Parties, or produced or filed in this Action, shall be designated with the appropriate confidentiality legend, and shall be subject to all of the terms of this Protective Order. A Receiving Party's designation of any materials contemplated by this Subparagraph does not constitute an admission or acknowledgement of the propriety of any such designation.

      **8.**     **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Protected Material does not, standing alone, waive the right to so designate the document. The Producing Party must promptly, and in no event more than thirty (30) days after discovery of the disclosure, provide written notice and contemporaneous or prompt production of replacement

documents with the appropriate designation in accordance with Paragraph 5(b) of this Order. The Receiving Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. The Receiving Party must make reasonable efforts to ensure that copies of such Protected Material, made by the Receiving Party and others who obtained such Protected Material directly or indirectly from the Receiving Party: (i) reflect the appropriate confidentiality legend as if such Protected Material had initially been designated as Protected Material by the Producing Party; or (ii) are destroyed after the Producing Party provides the Receiving Party replacement documents with the appropriate designation, as outlined in this Paragraph. Notwithstanding the foregoing, if a Producing Party designates Protected Material pursuant to this Paragraph after such materials have been used in submissions to the Court, then to the extent that the Producing Party seeks protection of such material, it shall be the burden of the Producing Party, and not the Receiving Party, to seek appropriate relief from the Court. No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Protected Material, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information or Highly Confidential Information.

9. **Production of Privileged Material.** Pursuant to Federal Rule of Civil Procedure 26, and Federal Rule of Evidence 502(d) and (e), the Parties agree that the production or disclosure, whether inadvertent or otherwise, of any information in connection with the pending Action that is covered by the attorney-client privilege or work-product protection (including common interest and joint defense), or any other privilege, shall not constitute a waiver of such privilege or protection in this litigation or in any other federal or state proceeding. Instead, the Producing Party shall be entitled to assert such privilege or protection and request the return of any such produced

12

material or information following the below process. Nothing in this Paragraph is intended to or shall serve to limit a Party's right to conduct a review of any material or information for relevance, responsiveness, and/or segregation of privileged and/or protected information before production, subject to Subparagraph (a) below.

(a)     **Assertion of a Clawback.** In the event that a Producing Party or Non-Party discovers that it produced documents that it believes to be protected, it shall promptly provide, within no more than seven (7) days after discovery of the disclosure, written notice of the claim of privilege or protection (a "Clawback Notice") to the Receiving Party, or to both Plaintiffs and Defendants if the Producing Party is a Non-Party, sufficiently identifying the protected documents (the "Identified Material"). The Clawback Notice must be as specific as possible in identifying the basis for the privilege claimed, and must include at least the information required by Fed. R. Civ. P. 26(b)(5)(A)(ii). Any document that is the subject of a Clawback Notice shall be included on a privilege log to be produced within seven (7) days of the Clawback Notice in accordance with the procedures in an ESI Protocol to be agreed to by the Parties. The Parties shall make reasonable efforts to provide any Clawback Notice no later than seven (7) days before the deposition of a witness who received, drafted, or sent a protected document.

If, during a deposition, a Producing Party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains material that is privileged or protected work product, the Producing Party may (a) allow the document to be used during the deposition without waiver of any claim of privilege or other protection in this or any other Federal or State proceeding; (b) object to the use of portion(s) of the document at the deposition to the extent portion(s) of the document are privileged or work-product protected and instruct the witness not to answer questions concerning

the portion(s) of the document containing privileged or protected material; or (c) object to the use of the entire document at the deposition to the extent the entire document is privileged or work-product-protected and instruct the witness not to answer questions concerning the document. Following the deposition, all parties with access to the document(s) and deposition transcript other than the Producing Party shall sequester all copies of the document(s) and portion(s) of the deposition transcript in dispute, including pending any clawback dispute initiated pursuant to Paragraph 9(d) of this Order. In the event the Court decides a clawback dispute concerning such materials in the Receiving Party's favor and the Receiving Party was denied the opportunity to examine a witness as to the materials at issue, the witness shall be made available at a mutually agreed date and time for examination regarding those materials.

The Parties also agree to meet and confer in advance of trial to ensure that any disputes concerning clawed-back documents are resolved sufficiently in advance of trial.

**(b)** **Reproduction.** Within seven (7) days after providing the Clawback Notice, the Producing Party shall provide: (i) if only a portion of the document contains privileged or protected material, a new copy of the document utilizing the same Bates number(s) as the original, that has been redacted to protect the privileged or protected materials; or (ii) if the entire document is privileged or protected, a slip sheet identifying the same Bates number(s) as the original, noting that the document has been withheld, as well as the information required for the privilege log.

**(c)** **Clawback Process.** Upon notification from the Producing Party that information is, in good faith, covered by the attorney-client privilege, work product protection, or other reasonably applicable privileges or protections from production, the Receiving Parties will, within fourteen (14) days of notification: (a) delete all copies of the information in their possession, including any electronic versions from any data source or any database it maintains; (b) retrieve

14

and delete all electronic and paper copies provided to any third party, including experts; and (c) sequester any notes that reveal the substance of the protected information. If the Receiving Party contests the privilege or work product designation within fourteen (14) days as provided for in Paragraph 9(d) below, it may instead: (a) sequester all copies of the information in its possession, including any electronic versions from any data source or any database it maintains; (b) instruct third parties to which it provided the information, including experts, to sequester all copies of the information in their possession; and (c) sequester any notes that reveal the substance of the protected information. The Receiving Parties will promptly confirm in writing to the Producing Party that these steps will be taken. Upon such notification, the subject matter of the information shall be treated as if there had been no disclosure.

        **(d)**      **Disputing a Clawback.** The Receiving Party may contest the privilege or work product designation by the Producing Party asserted in the Clawback Notice, and the Receiving Party shall give the Producing Party written notice of the reason for said disagreement (a "Challenge Notice") within fourteen (14) days of receiving the Clawback Notice. The Receiving Party and the Producing Party shall meet and confer within seven (7) days of such a Challenge Notice to resolve the dispute informally. If the Receiving Party and the Producing Party cannot resolve the dispute informally, they shall within seven (7) days of the meet and confer, submit a joint discovery motion to the Court, submitting the issue for a determination and/or for in camera review. The Producing Party shall bear the burden of establishing the privileged or protected nature of the disputed Identified Material. The Producing Party must preserve the information pending resolution of the privilege challenge and, in the event the Court concludes that the information is not protected from disclosure, promptly provide the Receiving Party with a replacement production.

(e) **Used Documents.** Notwithstanding the foregoing, the Parties agree that any documents used by any Party in a deposition, expert report, or court hearing or filing in this Action (with the exception of a motion related to a disputed privilege claim or a disputed confidentiality designation) ("Used Document"), for which a Producing Party does not provide written notice of a clawback within fourteen (14) days of its initial use shall be ineligible for clawback under this Order, except that the foregoing clawback window shall be twenty-eight (28) days for documents in which the initial use is within or appended to an expert report or a court filing that cites 50 or more documents produced in the course of discovery in this Action.

10. **Filing of Protected Material.** This Order does not, by itself, authorize the filing of any document under seal. Any Party wishing to file a document designated as Confidential Information or Highly Confidential Information in connection with a motion, brief or other submission to the Court must comply with the following procedures and Local Rule 26.2, to the extent not inconsistent with the following procedures:

(a) The filing Party shall provisionally file the entire filing under seal and cause an unredacted copy of the filing to be served upon all Parties (and any relevant Non-Party or Party that has settled if the Protected Material was produced or designated by a Non-Party or settled-Party) and shall specifically notify the individual Party, Non-Party, or settled-Party that the filing contains its Protected Material and identify the location of such Protected Material within the filing.

(b) Within fourteen (14) days of the initial filing, the Designating Parties may file a motion to seal, including a proposed redacted version of the filing as an exhibit thereto. Opposition(s) to a motion to seal may be filed fourteen (14) days after the filing of the motion to seal. If no motion to seal is filed or if the Court denies the motion(s) to seal, the filing Party shall

file an unredacted version of the initial filing. If the motion to seal is granted, the filing Party shall publicly file a redacted version of the initial filing.

(c)     The Producing Party may request more than fourteen (14) days to file a motion to seal for particularly voluminous filings such as summary judgment or class certification filings or for other good cause.

11.     **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the Party moves for an order providing such special protection.

12.     **Challenges by a Party to Designation as Protected Material.** The designation of any material or document as Confidential Information or Highly Confidential Information is subject to challenge by any Party. A Party shall not be obligated to challenge the propriety of a confidentiality designation at the time the designation is made. Rather, a Party may challenge a confidentiality designation or insufficient designation at any time, and a Party's failure to have made such a challenge at any previous time shall not prejudice its right to do so. The following procedure shall apply to any such challenge:

(a)     **Meet and Confer.** A Challenging Party may challenge the confidentiality designation of a particular disclosure or documents by giving notice by email or other written communication of such objection to counsel for the Designating Party. The written notice shall identify with specificity, including by Bates number if available, the information to which the objection is made. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is

offered, to explain the basis for the designation. The Designating Party must respond to the challenge within ten (10) days and, if no change in designation is offered, to explain the basis for the designation, provided, however, that, with respect to any documents produced thirty (30) days or less before a deposition at which some of those documents may reasonably be used, the ten (10)-day period may be shortened at the request of a Challenging Party to a reasonable period of time not longer than three (3) days. The Parties shall meet and confer in good faith to attempt to resolve the dispute without resort to Court intervention.

        **(b)    Judicial Intervention.** If the Parties cannot resolve the dispute, a Challenging Party may move the Court for an order modifying or removing such designation. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, or until the Designating Party withdraws such designation in writing, all parties in receipt of Protected Material shall continue to treat the materials consistent with their designation under the terms of this Order. As such, any motion challenging a confidentiality designation must not publicly file the documents with contested designations nor describe them in a manner that would publicly reveal Confidential Information or Highly Confidential Information.

      **13.    Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information or Highly Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

      **14.    Use of Protected Material at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A Party that intends to present Protected Material at a hearing or trial shall first bring that issue to the Designating Party's

attention so that they may meet and confer regarding the same. Any Party or Non-Party wishing to restrict public access to a hearing or trial or any portion thereof shall meet and confer with the Parties to identify acceptable procedures. If the Parties are unable to reach agreement regarding the proposed disclosure at a trial or hearing, the Designating Party or Party proposing the use may raise the issue with the Court. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

> **15.  Protected Material Subpoenaed or Ordered Produced in Other Litigation.**

> > **(a)**  If a Receiving Party is served with a subpoena, a discovery request, an order, or other legally enforceable demand issued in other litigation or proceedings before any administrative or legislative body, or any other person or organization purporting to have authority to subpoena that would compel disclosure of any Protected Material, the Receiving Party must so notify the Designating Party, in writing (by email, if possible), within seven (7) business days after receiving the subpoena, discovery request, order, or demand. Such notification must include a copy of the subpoena, discovery request, court order, or demand, and shall include in such notice the date set for production of such subpoenaed information and a copy of the subpoena or court order. The Designating Party shall respond to the Party receiving the subpoena with its intent to seek a protective order within ten (10) calendar days of receiving written notice. If the Designating Party intends to seek a protective order, it shall file a motion for protective order in the appropriate court within twenty-one (21) calendar days of receiving written notice, except that the Designating Party, the Receiving Party, and any other necessary third party may agree in writing to extend this deadline. If the Designating Party fails to meet these deadlines, the Receiving Party may produce the Designating Party's Protected Material in the other litigation or proceedings in question.

> > **(b)**  Following the Receiving Party's receipt of the subpoena, discovery request,

order, or demand, the Receiving Party also must promptly, and in no event more than seven (7) business days after receipt, inform in writing the party who caused the subpoena, discovery request, order, or demand to issue in the other proceeding that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     If the Designating Party informs the Party served with the subpoena that it has filed a motion seeking a protective order from the court where the subpoena or order issued, the Party served with the subpoena or court order shall not produce any Protected Material until (i) a determination by that court is made or (ii) the Party has obtained the Designating Party's permission in writing. While a motion for protective order is pending, no production or other disclosure of Protected Information pursuant to the subpoena or other process shall occur until one of the above two actions has occurred.

(d)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its Protected Material in the court or body from which the subpoena, discovery request, order, or demand issued. If the Designating Party timely seeks a protective order, the Receiving Party served with the request shall follow all determinations made by the court or body from which the subpoena, request, or demand issued. The Receiving Party shall cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose designated material may be affected. The Designating Party shall bear the burden and the expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court or body authorized to issue such directives. The obligations set forth in this Paragraph remain in effect

20

while the Party has in its possession, custody or control Protected Material designated by another Party to this Action.

16. **Third-Party Subpoenas.** In accordance with Federal Rule of Civil Procedure 45(a)(4), a Party issuing a subpoena must give prior "notice and a copy of the subpoena" to the other Parties in this Action. Further, any Party issuing a subpoena, or seeking discovery by any other means from a Non-Party, must, at the time of service upon the Non-Party, provide the Non-Party with a copy of this Order to allow the Non-Party to designate material as Protected Material and obtain the protections provided in this Order.

17. **Use of Documents.** Protected Material shall be used solely for purposes of prosecuting, defending or attempting to resolve this Action, whether for proceedings in the MDL Court or in any other court following remand or other transfer of any individual case from the MDL Court, including any appeal. For the avoidance of doubt, nothing in this Order shall prevent or restrict a Designating Party from disclosing or using its own documents for any purpose.

      (a) **Security of Protected Material.** Any person in possession of another Party's Protected Material shall exercise the same care with regard to the storage, custody, or use of Protected Material as they would apply to their own material of the same or comparable sensitivity. Receiving Parties must take reasonable precautions to protect Protected Material from loss, misuse and unauthorized access, disclosure, alteration, and destruction, including but not limited to the following:

         (i) Protected Material in electronic format shall be maintained in a distinct and secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons

21

entitled to access Protected Material under this Order;

**(ii)** To whatever extent the Receiving Party utilizes litigation support software that tracks user access, an audit trail of use and access to litigation support site(s) shall be maintained while this Action, including any appeals, is pending;

**(iii)** Any Protected Material downloaded from the litigation support site(s) in electronic format shall be stored only on device(s) (e.g. laptop, tablet, smartphone, thumb drive, portable hard drive) or network shared drive(s) (including cloud-based shared drives) that are password protected and/or encrypted with access limited to persons entitled to access Protected Material under this Order. If the user is unable to password protect and/or encrypt the device, then the Protected Material shall be password protected and/or encrypted at the file level;

**(iv)** Receiving Parties must take reasonable steps to prevent Protected Material in paper format from being disclosed to persons not entitled to access Protected Material under this Order;

**(v)** Summaries of Protected Material that quote from or paraphrase Protected Material in a manner that enables Protected Material to be identified shall be accorded the same status of confidentiality as the underlying Protected Material;

**(vi)** If the Receiving Party learns at any time that the Protected Material has been retrieved or viewed by unauthorized parties, it will promptly notify the Designating Party and take all reasonable measures to retrieve the improperly disclosed materials. The Designating Party and Receiving Party will then promptly meet and confer to discuss what additional steps, if any, need to be taken, including, for example, investigation of the effects of the breach; actions to remediate the effects of the breach, and further assurances

22

to prevent future breaches. The Receiving Party agrees to cooperate with the Designating Party or law enforcement in investigating any such security incident.

(b)     For purposes of clarity, nothing in this Order shall prevent a Party from transmitting paper documents containing Protected Material via U.S. Mail or a delivery service for the purpose of a deposition, deposition preparation, trial/hearing preparation, witness interviews, mediation, or mock jury/jury research exercises provided that the Party takes reasonable steps to maintain the confidentiality of the Protected Material. Similarly, nothing in this Order shall prevent a Party's outside counsel from carrying a binder or binders of documents containing Protected Material or information derived from Protected Material when traveling provided that such outside counsel takes reasonable steps to maintain the confidentiality of the Protected Material.

18.     **Large Language Models and Generative Artificial Intelligence (AI) Tools.** Absent express written permission from the Designating Party, any Qualified Person authorized to have access to Protected Material under the terms of this Order shall not use or employ any application, service, or analytical software that will transfer, transmit, send, or allow any external access to that Protected Material (in whole or in part) unless such application, service, or analytical software is fully containerized as defined below. For the avoidance of doubt, this restriction expressly applies to the use of non-containerized versions of advanced large language models, "generative" AI tools, and other advanced AI systems, including but not limited to OpenAI GPT, ChatGPT3/4 et seq., Google Gemini, Meta LLAMA, MidJourney, DALL-E, and Stable Diffusion, but this provision does not limit the use of services leveraging the technology underlying these generative AI tools in a fully containerized environment, to the extent deployed/configured in a fully containerized manner under this Paragraph, including but not limited to Harvey, Relativity

aiR, DISCO Cecelia, Everlaw AI Assistant, Lexis+ AI, Epiq AIDA, Lighthouse AI, and Westlaw Co-Counsel. For purposes of this Paragraph, an application, service, or analytical software is "fully containerized" only if: (a) it does not transmit Protected Material (including the substance of prompts or outputs) to any public system or network for analysis, use, or the generation of outputs except as allowed in this Paragraph; (b) it has access controls and audit logging sufficient to track access and activity; (c) the provider contractually warrants that Protected Material is not used to train or improve any model; (d) the provider contractually warrants that Protected Material is not disclosed to any third party except as necessary to provide the service, and any such third party is bound by written confidentiality obligations at least as protective as this Order; (e) it does not otherwise allow access to Protected Material by persons other than Qualified Persons as authorized by Paragraph 7 above; and (f) it is capable of destroying, and will destroy, all Protected Material housed within it at the conclusion of the Action, consistent with the requirements of Paragraph 21 below. Use of AI tools for substantive responsiveness determinations, if any, shall be governed solely by the Parties' ESI protocol.

**19.     Challenges by Members of the Public to Sealing Orders.** A Party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the Party or Non-Party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

**20.     Improper Disclosure of Protected Material.** Disclosure of Protected Material other than in accordance with the terms of this Order may subject a Party to such sanctions and remedies as the Court may deem appropriate.

**21.     Obligations on Conclusion of Litigation.**

      **(a)     Order Continues in Force.** Unless otherwise agreed or ordered, this Order

24

shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)** **Obligations at Conclusion of Litigation.** Unless otherwise ordered or agreed to in writing by the Designating Party, within sixty (60) days after the final termination of the Action by settlement or exhaustion of all appeals, all parties in receipt of Protected Material and documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in Paragraph 5(b), shall use reasonable efforts to either return such materials and copies thereof to the Producing Party or destroy such Protected Material and certify that fact in writing to the Producing Party. The Receiving Party's reasonable efforts shall not require the return or destruction of Protected Material from (i) disaster recovery or business continuity backups, (ii) data stored in back-end databases critical to application operability and system-generated temporary folders, (iii) archived data with limited end-user accessibility, or (iv) material that is subject to legal hold obligations or commingled with other such material. Additionally, the Receiving Party's reasonable efforts shall not require it to locate, isolate and return e-mails (including attachments to e-mails) that may include Protected Material, or Protected Material contained in deposition transcripts or drafts or final expert reports. Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Material, but such retained information shall continue to be treated in accordance with the Order and destroyed in due course.

**(c)** **Retention of Work Product and One Set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel are not expected to access and extract any Protected Material from their disaster recovery systems, and counsel are entitled to retain (i) attorney work product, including an index that refers or relates to designated

25

Protected Material so long as that work product does not duplicate verbatim substantial portions of Protected Material; (ii) one complete set of all documents filed with the Court including those filed under seal; and (iii) to the extent not covered by category (ii), an archival copy of all pleadings, final expert reports, motion papers, transcripts, legal memoranda, correspondence, and attorney work product, even if such materials contain Protected Material. Any retained Protected Material shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protected Materials.

**(d)    Deletion of Documents Filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

**22.    Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter for good cause shown following notice to all Parties and an opportunity for them to be heard. The Parties may agree to modifications of this Order, so long as all affected Parties provide written consent.

**23.    No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Protected Material by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**24.    Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its

terms or by execution of Attachment A.

      SO ORDERED.

Dated:  February 2, 2026

                                            _____
                                            Hon. Sara L. Ellis
                                            United States District Judge

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: CONSTRUCTION EQUIPMENT RENTAL ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 1:25-cv-3487<br>MDL No. 3152<br><br><br>Hon. Sara L. Ellis |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

      The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information or Highly Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information or Highly Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____
Signature