**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| IN RE: CONSTRUCTION EQUIPMENT RENTAL ANTITRUST LITIGATION | Case No. 1:25-cv-03487 MDL No. 3152 |
| This Document Relates To: | Hon. Sara L. Ellis |
| ALL ACTIONS | |

**CASE MANAGEMENT ORDER NO. 3
<u>STIPULATED ORDER REGARDING EXPERT DISCOVERY</u>**

Plaintiffs and Defendants (collectively, the "Parties", and each individually, a "Party") in the above-captioned actions (collectively, the "Action"), through their respective counsel of record, stipulate to the following regarding the scope of expert discovery in the Action, subject to approval by the Court:

1. This Stipulated Order Regarding Expert Discovery (the "Stipulation") does not set or alter the time for any disclosure required by Federal Rule of Civil Procedure 26(a)(2)(B), or the timing of any deadlines set forth in any operative scheduling orders entered in this Action.

2. To the extent that this Stipulation imposes limitations on discovery that would otherwise be available under the Federal Rules of Civil Procedure or this Court's standing orders, the Parties have agreed to those limitations to increase the efficiency of their dealings with experts and to minimize disputes regarding the same. Neither the terms of this Stipulation nor the Parties' agreement to them shall be considered an admission by any Party that any information restricted from discovery by this Stipulation would otherwise be discoverable or admissible.

3. The Parties will make all disclosures required by Federal Rule of Civil Procedure 26(a)(2) and 26(b)(4), provided, however, that the term "considered" as used in Federal Rule of

Civil Procedure 26(a)(2)(B)(ii) and 26(b)(4)(C)(ii) shall be interpreted as "relied upon" for purposes of this Action.

4. Except as provided in Paragraphs 5 and 6 below, the following types of information shall not be the subject of any form of discovery in this Action, and the Parties shall not be obligated to preserve such information in any form or to include such information on any privilege log:

(a) all written or oral communications or other materials shared among or between: (i) a Party (including the Party's employees, agents, consultants, and counsel, and their employees, staff, or agents) and any testifying or non-testifying expert consultant (including his or her assistants, staff, agents, and/or supporting firms); (ii) any testifying or non-testifying expert consultant (including his or her assistants, staff, agents, and/or supporting firms) and any other testifying or non-testifying expert consultant (including his or her assistants, staff, agents, and/or supporting firms); and (iii) any testifying or non-testifying expert consultant and his or her assistants, staff, agents, and/or supporting firms;[1]

(b) all written or oral communications or other materials related to the deposition of a testifying expert;

(c) all work performed by non-testifying experts or consultants;

(d) all written or oral communications or other materials relating to interviews of or the potential retention of experts or consultants;

---

[1] For the avoidance of doubt, suggestions from counsel regarding revisions to the form of the expert's report, or additional support for the expert's ultimate opinions are examples of the kind of communications that are not subject to discovery.

(e)     any drafts or comments related to expert reports, studies, written testimony, affidavits, declarations, opinions, exhibits, schedules, work papers, or other written materials prepared by, for, or at the direction of any testifying or non-testifying expert consultant or his or her staff in connection with this Action;

(f)     any preliminary or intermediate calculations, computations, or other data runs, or other types of preliminary work created by, for, or at the direction of a testifying expert by consultants, counsel, other experts, and/or staff, unless the testifying expert relies on such work to formulate his or her opinions;

(g)     any notes, analyses, comments, interviews, or other non-final work taken or prepared by or for a testifying expert in connection with this Action, including draft declarations, or copies of materials produced in this Action bearing the notes, markings, or comments of a testifying or non-testifying expert consultant (including their assistants, staff, agents, and/or supporting firms), or attorneys for the Party or Parties unless the testifying expert relies on such work to formulate his or her opinions; and

(h)     any budgets, invoices, bills, receipts, or time records concerning testifying or non-testifying experts or consultants, their staff, assistants, colleagues, or associates, or their companies or organizations, except that an expert may be asked reasonable questions regarding (i) the compensation of the testifying expert or his or her staff; (ii) the amount of time the testifying expert or his or her staff spent on the report and associated work; and (iii) the amount of money the testifying expert billed for the report and associated work. For the avoidance

3

of doubt, invoices submitted by testifying or non-testifying experts or consultants shall not be discoverable.

5.     The limitations contained in Paragraph 4 shall not apply to any communications, interviews, notes, materials, documents, data sets, data runs, calculations, computations, or other forms of information or work upon which a testifying expert relies as a basis for any of his or her opinions in this Action, whether expressed in reports, affidavits, declarations, or testimony. To the extent a testifying expert relies on an assumption provided by counsel, the assumption—but not the communication(s) among counsel, the expert, and/or their respective staff concerning that assumption—must be disclosed.

6.     Within three (3) business days of serving an expert report, affidavit, or declaration pursuant to Rule 26(a)(2)(B) or otherwise, the Party or Parties proffering the testifying expert shall produce the facts, data, and/or other information the testifying expert relied on in forming his or her opinions, including but not limited to:

(a)     copies of the data, materials, and/or other information that the testifying expert relied on in forming his or her opinions, including all raw and final electronic data sets and electronic data compilations in the form or format used by the expert;

(b)     the input, programs (excluding software addressed in Paragraph 7), and output underlying all final calculations (including any intermediary steps for those calculations) that the testifying expert relied on in forming his or her opinions and/or that are needed to replicate or reproduce the expert's disclosed tables, figures, calculations, and/or reported results, including the underlying raw and final data, spreadsheets, computerized regression analyses, and/or other

4

underlying reports and schedules sufficient to reconstruct the work, calculations, and/or analyses upon which the expert is relying for his or her opinions in this Action;

(c) any information (including but not limited to analyses, spreadsheets, graphs, and charts) relied upon by the testifying expert that is based on the output from any computer programs that are produced;

(d) the expert's qualifications, including a list of all publications authored in the previous ten (10) years;

(e) a list of all other cases, during the previous four (4) years, where the expert has testified as an expert at trial or by deposition; and

(f) a statement of the compensation to be paid for the study and testimony in the Action, including the hourly rate to be paid for the testifying expert's time in the Action.

7. The information required to be produced by Paragraph 6 shall be produced electronically (via email, FTP site, or similar mechanism) where reasonably feasible. Data, statistical analyses, and other information (including any calculation or exhibit) upon which a testifying expert relies for any of his or her opinions in this Action, including any data that has been cleaned, reformatted, or modified in any way from the form in which it may have been provided to the expert, shall be provided in machine-readable format, along with all computer programs and instructions that are necessary to replicate the data used by the expert. However, no Party need produce computer software or instructions that are reasonably and commercially available (e.g., Microsoft Word, Excel, STATA, SAS, etc.). Materials that are publicly available shall be identified by website, title, and date, or by a working URL where the materials can be

accessed or obtained. Materials that were previously produced in this Action need not be produced but must be identified by Bates number.

8.       This Stipulation is not intended to limit the ability of any Party to prepare and use demonstrative exhibits that may relate to an expert's testimony during the course of any hearing or trial in this Action, provided that any facts, data, opinions, or other information underlying such demonstrative exhibits has been disclosed in accordance with this Stipulation. The use and admissibility of any such demonstrative exhibits shall be subject to the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and this Court's Local Rules, unless otherwise provided by order of the Court.

9.       No subpoenas (for depositions or documents) need be served on any testifying expert from whom a report, affidavit, or declaration is provided. Instead, the Party proffering such expert will be responsible for (a) producing all materials and information relied on by the expert as outlined in this Stipulation and (b) making the expert available for deposition at a time mutually agreed to by the Parties and consistent with the Court's scheduling orders.

10.      Nothing in this Stipulation shall permit any Party or testifying expert to withhold, including during a deposition, any proposition, assumption, fact, belief, or other data, information, or material on which the expert relies in support of her or his opinions in this Action, or to prevent substantive deposition questions about same, including with respect to any data or other non-privileged information that may be relevant to the substance of the testifying expert's opinion. This includes, but is not limited to, questions about (i) theories, methodologies, approaches, yardsticks, benchmarks, variables, data, facts, or assumptions that an expert relied on in forming his or her opinions; (ii) the assumptions or facts, if any, that the Party's counsel provided and that the expert relied upon in forming his or her opinions; or (iii) potential alternative analyses, methodologies,

6

or approaches to issues on which an expert is testifying, provided that such discovery does not seek information prohibited from discovery as outlined in ¶4(f).

11.     Nothing in Paragraph 9 or 10 permits questions concerning the wording or contents of any drafts of the testifying expert's reports, affidavits, declarations, or written testimony, or other written materials on which the expert did not rely in forming his or her expressed opinions.

12.     Nothing in this Stipulation shall limit or waive any Party's rights to object to the admission of any Party's expert testimony into evidence or the qualification of any person to serve as an expert.

13.     The Parties agree to comply with this Stipulation pending the Court's approval.

SO ORDERED.

Dated:  May 8, 2026

                                                             _____

                                                             Sara L. Ellis
                                                             United States District Judge

7